04-CV-00987-NTC

FILED — ENTERED
LODGED — RECEIVED

APR 3 0 2004  MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HO-CHUAN CHEN and HOSSEIN
BARAHIMI,

                       Plaintiff

vs.

LINDA DOUGHERTY; JENNIFER
LINDWALL; MATTHEW NOLAN; and
KING COUNTY,

                       Defendants.

NO. C04 0987P

NOTICE OF REMOVAL TO FEDERAL
DISTRICT COURT

Defendants herein, by and through its attorney of record, allege as follows:

1.      On April 7, 2004, the Summons and Complaint were filed in King County Superior Court under King County Superior Court Cause No. 04-2-08149-1 SEA. On April 8, 2004, copies of the Summons and Complaint were received by the King County Prosecuting Attorney. True and correct copies of the Summons and Complaint are attached to this Notice of Removal.

2.      This Complaint alleges violation of plaintiff's civil rights under the Constitution and laws of the United States over which this Court has jurisdiction pursuant to 42 U.S.C. §1981

NOTICE OF REMOVAL TO FEDERAL DISTRICT
COURT - 1
\\paocv12\sys\Employ\TaylorD\Chen&Barahimi\Removal\notice of removal.doc

ORIGINAL

Norm Maleng, Prosecuting Attorney
CIVIL DIVISION
Employment Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-0420

1    and §1983, and therefore this action may be removed to this Court pursuant to *28 U.S.C.*

2    *§1441(a) and (b) and §1443.*

3        3.      This notice is filed with this Court within 30 days after defendants' receipt of the

4    initial pleading setting forth a claim arising under federal law.

5        4.      The attached Summons and Complaint; King County Superior Court/Case Cover

6    Sheet; Order Setting Civil Case Schedule; Declaration of Service of: Case Schedule; Declaration

7    of Service on Behalf of named Plaintiffs for: Summons and Complaint; Notice of Appearance;

8    and Acceptance of Service on Behalf of Names Plaintiffs, constitute all pleadings and process

9    known to the defendants in this action. To defendants' knowledge, no motions are pending in

10   the King County Superior Court.

11       5.      Defendants are filing a verification by counsel for King County Superior Court

12   *File No. 04-2-08149-1, to which is attached a complete copy of all other documents and records*

13   that defendants believe to be in the King County Superior Court file as of April 27, 2004.

14       WHEREFORE, Defendants request that the above-entitled action be removed from the

15   Superior Court of the State of Washington in and for the County of King to this Court.

16       RESPECTFULLY SUBMITTED this 30th day of April, 2004.

17                                          NORM MALENG
                                           *King County Prosecuting Attorney*
18

19
                                           By: [signature]
20                                             DIANE HESS TAYLOR, WSBA NO. 15972
                                             Senior Deputy Prosecuting Attorney
21                                           Attorney for Defendants

22

23

NOTICE OF REMOVAL TO FEDERAL DISTRICT
COURT - 2
O:\Employ\TaylerD\Chen&Barahim\Removal\notice of removal.doc

**Norm Maleng,** Prosecuting Attorney
CIVIL DIVISION
Employment Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 296-0420

SHARON ARMSTRONG

1
2
3
4
5
6

FILED

04 APR -7 PH 1:15

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

7    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8    IN AND FOR KING COUNTY

9   HO-CHUAN CHEN and HOSSEIN
10  BARAHIMI,

11              Plaintiffs,

NO.
04-2-08149-1 SEA

12    v.

SUMMONS

13
14  LINDA DOUGHERTY; JENNIFER
LINDWALL; MATTHEW NOLAN;
15  and KING COUNTY,

16              Defendants.

17  TO THE DEFENDANT:

18      A lawsuit has been started against you in the above-entitled Court by Ho-Chuan
19  Chen and Hossein Barahimi, plaintiffs.  Plaintiffs' claim is stated in the written
Complaint, a copy of which is served upon you with this Summons.
20

21      In order to defend against this lawsuit, you must respond to the Complaint by
stating your defense in writing, and serve a copy upon the undersigned attorney for the
22  plaintiffs within 20 days if service of this Summons is made upon you within the State of
Washington, or within 60 days if service is made upon you outside of the State of
23  Washington, excluding the day of service, or a default judgment may be entered against
you without notice.  A default judgment is one where the plaintiffs are entitled to what
24  they ask for because you have not responded.  If you serve a notice of appearance on the
25  undersigned attorney, you are entitled to notice before a default judgment may be
entered.
26
27
28

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

SUMMONS - 1           ORIGINAL

1        You may demand that the plaintiffs file this lawsuit with the Court.  If you do so,

2    the demand must be in writing and must be served upon the plaintiffs.  Within 14 days

3    after you serve the demand, the plaintiffs must file this lawsuit with the Court, or the

    service on you of this Summons will be void.

4

5        If you wish to seek the advice of an attorney in this matter, you should do so

    promptly so that your written response, if any, may be served on time.

6

7        This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of

    the State of Washington.

8        Dated this _6th_ day of April, 2004.

9                      Respectfully submitted,

10

11                     GENDLER & MANN, LLP

12

13           By:

14                     Michael W. Gendler

                  WSBA No. 8429

15                     Attorneys for Plaintiffs Chen and

                  Barahimi

16

   \Barahimi\Chen\Summons 4 06 04

17

18

19

20

21

22

23

24

25

26

27

28
                                         GENDLER & MANN, LLP
                           1424 Fourth Avenue, Suite 1015
                             Seattle, WA 98101
                           Phone: (206) 621-8868
                           Fax: (206) 621-0512

SUMMONS - 2

SHARON ARMSTRONG

FILED

04 APR -7 PM 1: 15

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

HO-CHUAN CHEN and HOSSEIN
BARAHIMI,

                       Plaintiffs,

v.

LINDA DOUGHERTY; JENNIFER
LINDWALL; MATTHEW NOLAN;
and KING COUNTY,

                       Defendants.

NO.
04-2-08149-1 SEA

COMPLAINT FOR RETALIATION
FOR EXERCISE OF FIRST
AMENDMENT RIGHTS, FOR
DAMAGES AND FOR INJUNCTIVE
RELIEF

For their Complaint, plaintiffs Ho-Chuan Chen and Hossein Barahimi allege as

follows:

    1.    This Complaint seeks redress for a pattern of retaliation, discrimination,

and abuse of official authority carried out by defendant supervisory employees of the

King County Department of Transportation, Road Services Division. Plaintiffs are King

County employees who are members of the Travel Forecasting and Data Management

(TFDM) Group, which has responsibility for travel forecast model development,

developing travel forecasts for comprehensive plan, road projects, and other travel

forecasting applications, and working to ensure consistency among County travel

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 1

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

ORIGINAL

1  forecasting applications. Beginning in 2000 and continuing thereafter, plaintiffs and their

2

3  TFDM Group raised a series of issues and concerns regarding the use of flawed,

4  questionable, and non-standard methodology by another work group within the County's

5  Road Services Division, the Transportation Concurrency Management (TCM) Group,

6  with respect to traffic "concurrency" decisions made by the TCM Group. Plaintiffs

7  informed TCM and defendants that the concurrency program failed to follow Federal

8

9  Highway Administration (FHWA) guidelines as provided for in the King County Code,

10  that defendants had failed to implement recommendations by the County Auditor to

11  correct deficiencies previously identified with respect to concurrency decisionmaking,

12  that false information had been presented to the County Council, and that a concurrency

13  decision for a development proposal known as Redmond Ridge East was based on fatally

14

15  flawed changes in the concurrency model and/or applications of the model.

16  Plaintiffs fully documented their issues and concerns. Plaintiffs presented their

17  issues and concerns through appropriate channels within the King County Department of

18  Transportation. Plaintiffs sought to have their issues and concerns addressed, and the

19

20  documented flaws in the decisionmaking process corrected, so that defendant King

21  County would be making accurate and defensible concurrency decisions in compliance

22  with the King County Code and other law. The matters on which plaintiffs spoke out

23  within King County are matters of legitimate and substantial public concern.

24

25  Defendants did not react well to plaintiffs' statements and efforts. Rather than

26  address the issues and concerns raised by plaintiffs, and rather than correct the improper

27  and illegal conduct which plaintiffs brought to their attention, defendants instead have

28

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 2

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

1  tried to shoot the messengers.  Defendants undertook a concerted pattern of retaliation
2  and discrimination against plaintiffs, using the familiar means employed by managers
3
4  who abuse their authority to attack employees who speak out to identify improper
5  practices and wrongdoing: assignment of the employees' work to others; exclusion of the
6  employees from meetings and information; poisoning the reputation of the employees in
7  the workplace to isolate them; issuing false and unwarranted discipline; issuing false and
8
9  unjustified poor performance evaluations; conducting biased investigation of complaints
10  passed off as fair and "independent;" and, ultimately, employment termination supported
11  by false justifications to cover up the course of retaliation.
12
       Plaintiffs' internal complaints have not succeeded in holding those responsible for
13
14  this abusive behavior accountable, nor have they succeeded in bringing an end to the
15  abusive and wrongful conduct.  Those goals, therefore, must be carried through in this
16  judicial action.
17
                                    I.  PARTIES
18
19  2.      Plaintiff Ho-Chuan Chen was at all times pertinent herein up to January,
20  2004, employed as Supervisor, Travel Forecasting and Data Management Group, CIP
21  and  Planning  Section,  Road  Services  Division,  King  County  Department  of
22  Transportation, King County.
23
       3.      Plaintiff Hossein Barahimi was at all times pertinent to this complaint up
24
25  to January, 2004 employed as Program Manager, Travel Model Applications, Travel
26  Forecasting and Data Management Group, CIP and Planning Section, Road Services
27  Division, King County Department of Transportation, King County.
28

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 3

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.   Defendant Linda Dougherty at all times pertinent to this complaint is and was employed as Director, Road Services Division, King County Department of Transportation. Defendant Dougherty directly supervises defendant Lindwall, and has supervisory control and authority with respect to plaintiffs. Plaintiffs' claims against defendant Dougherty are brought against said defendant in her individual and official capacities.

5.   Defendant Jennifer Lindwall is and was employed at all time pertinent to this Complaint as Section Manager, CIP and Planning Section, Road Services Division, King County Department of Transportation. Defendant Lindwall was plaintiffs' supervisor. Defendant Lindwall was the direct supervisor of plaintiff Chen, and had supervisory authority over plaintiff Barahimi. Plaintiffs' claims against defendant Lindwall are brought against said defendant in her individual and official capacities.

6.   Defendant Matthew Nolan at all times pertinent to this Complaint was employed as Managing Engineer, Engineering Service Section, Road Services Division, King County Department of Transportation. Plaintiffs' claims against defendant Nolan are brought against said defendant in his individual and official capacities.

7.   Defendant King County is a municipal government and the employer of plaintiffs and all individual defendants named herein. Defendant King County is responsible for the official actions of the individual defendants, is responsible for the actions and failures to act of the individual defendants taken pursuant to usual County custom and practice, is responsible for the actions and failures of the individual

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 4

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

defendants within the scope of their employment and authority as employees of defendant

King County, and is responsible for its own actions.

## II. VENUE AND JURISDICTION

8.    Claims of the individual plaintiffs exceed $75,000 for each plaintiff.

9.    Plaintiffs' claims arise under the First Amendment to the United States

Constitution, 42 U.S.C. § 1983, the Washington Law Against Discrimination, and other

laws of the United States and of the State of Washington.

10.    One or more of the individual defendants reside in King County,

Washington. All of the acts and failures to act of the defendants occurred within King

County, Washington.

11.    This court has jurisdiction over the subject matter of this complaint and

over the defendants herein. Venue in this court is proper.

## III. ALLEGATIONS OF FACT

12.    In the course of their work for TFDM, plaintiffs and the other members of

the TFDM Group developed and refined the traffic model adopted for use by the King

County DOT, Road Services Division, for making "concurrency" decisions with respect

to proposed land use developments. Concurrency decisions generally require a

determination that there are sufficient road improvements in place or funded to

accommodate the traffic anticipated from the proposed development. Concurrency

decisions are governed by chapter 14.70 of the King County Code. While the TFDM

Group developed the base travel model for concurrency use, it was the responsibility and

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 5

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

1   role of the TCM Group to operate and apply the model and to make individual

2   concurrency decisions.

3

4          13.    Challenges to individual concurrency decisions in the mid- to late-1990's

5   resulted in decisions by the King County Hearing Examiner that the County had violated

6   the law in making concurrency decisions.  A review by the King County Auditor led to a

7   report by the Auditor issued in 1999, containing specific recommendations to correct

8
    certain practices identified by the Auditor which had contributed to the illegal decisions.
9

10         14.    Beginning in 2000, plaintiffs and the other members of the TFDM Group

11  became aware that the TCM Group was not correctly applying the concurrency model,

12  was modifying the model without validating the modifications to the standards specified

13
    in the King County Code, and was not implementing the recommendations made by the
14

15  King County Auditor in 1999.  Plaintiffs communicated their information and concerns to

16  their supervisors and to the appropriate employees with responsibility for making and

17  overseeing concurrency determinations.  The matters on which plaintiffs communicated

18
    are matters of legitimate and substantial public importance.
19

20         15.    On September 25, 2001, plaintiffs and other members of TFDM met with

21  defendant Lindwall to raise concerns regarding various actions and failures to act on the

22  part of TCM.  The TFDM attendees explained to defendant Lindwall that they did not

23  agree with TCM's methodology and were concerned that they would not be able to

24
    defend it.  The matters raised by plaintiffs and TFDM at this meeting are matters of
25

26  legitimate and substantial public interest.

27

28
    COMPLAINT FOR RETALIATION FOR EXERCISE OF
    FIRST AMENDMENT RIGHTS - 6

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone:  (206) 621-8868
Fax: (206) 621-0512

16.    One of the concurrency decisions before the County, and which came to the attention of plaintiffs and the TFDM Group, was the determination for a proposed development in the "Bear Creek" area of King County near Redmond, known as "Redmond Ridge East." Plaintiffs reviewed the TCM model which was used as a base for Redmond Ridge East.

17.    On February 20, 2002, plaintiffs attended a meeting with other members of the TFDM Group, members of the TCM Group, Richard Warren, Supervisor of the concurrency program, and defendant Lindwall. One of the topics discussed at the meeting was that the TCM model would not include growth in Snohomish County. Richard Warren stated that this decision was due to time constraints, and that all of the Bear Creek area (including the proposed Redmond Ridge East development) was already identified as "red," meaning that it was out of compliance such that new land use proposals could not pass the concurrency test.

18.    Approximately two weeks after that meeting plaintiff Barahimi was informed that the "UPD zones" in the Bear Creek area (which include the proposed Redmond Ridge East development) were "green," meaning that concurrency certificates certifying that a proposed development met concurrency requirements could be issued within the Bear Creek area. This information was contrary to that presented by Richard Warren at the meeting on February 20, 2002.

19.    On March 8, 2002, plaintiff Barahimi sent Richard Warren an e-mail message, with copies to all TCM and TFDM staff in attendance at the February 20, 2002 meeting, pointing out the discrepancy between what Mr. Warren stated at the meeting

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 7

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98104
Phone: (206) 621-8868
Fax: (206) 621-0512

and the information learned the day before by plaintiff Barahimi. Plaintiff Barahimi's message reasserted the TFDM Group's prior recommendation that the TCM Group follow standard modeling procedures for use in making concurrency determinations.

20.    Mr. Warren did not respond to plaintiff Barahimi's message. Mr. Warren communicated with defendant Lindwall regarding the message.

21.    In 2001, defendant Nolan hired a consultant on behalf of King County to do travel forecasting for the Woodinville-Duvall Road (WDR) road improvement project. The purpose of this work was to use a travel model to analyze and determine whether the roadway should be improved to three or five lanes. The TFDM Group provided comments on the project's scope of work, and recommended that the consultant follow national standards and practices for its travel forecasting work.

22.    On June 25, 2002, there was a travel modeling meeting for the WDR project. Plaintiff Barahimi and two other members of TFDM were in attendance at the meeting. Defendant Nolan distributed or directed the distribution of minutes of the meeting. None of the TFDM Group members who attended the meeting received the minutes. The meeting minutes identified the TFDM participants as attendees, and indicated that copies of the minutes were sent to all attendees. This information was false.

23.    In October, 2002, the TFDM Group was requested to review a draft report of the travel forecasting work done by the consultant. The TFDM Group found that the methodologies used by the consultant were not consistent with national or local practice. Plaintiffs raised their concerns regarding the consultant's work, but defendant Nolan

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 8

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

stated that he wanted to use the consultant's model regardless of the improper methodologies identified by TFDM.

24.    After the TFDM had provided comments regarding the consultant's work on the WDR project, defendant Nolan complained to plaintiffs' supervisor that plaintiffs were "difficult to work with."   The matters on which plaintiffs had provided comment are matters of legitimate and substantial public interest.

25.    A meeting invitation was sent out on or about January 8, 2003, for a WDR travel forecasting discussion by or at the direction of defendant Nolan.   The e-mail invitation included plaintiffs' names as persons to whom the invitation was sent, but in fact the invitation was not sent to plaintiffs.   This was done by or at the direction of defendant Nolan.   Defendant Nolan's deceptive action was intended to create a false impression on the part of plaintiffs' co-workers and supervisors that plaintiffs were acting irresponsibly by failing to attend a meeting to which they had been invited.

26.    A meeting pertaining to WDR travel forecasting was held on January 9, 2003.   In the meeting, the conclusion was reached that certain travel forecasting needed to be discussed further internally.   Defendant Nolan issued or directed the issuance of a meeting summary which stated incorrectly that agreement had been reached to use the consultant's model for the intersections in question.

27.    Project managers employed by defendant King County for projects known as the Benson Road and Carr Road projects hired outside consultants to do travel forecasting, in violation of defendant King County's agreement with plaintiffs' union

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 9

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

regarding the contracting out of work that could be done by King County employees such as plaintiffs.

28.    On December 10, 2002, Fay Schafi, Senior Traffic Engineer for defendant King County, asked plaintiffs Chen and Barahimi to join a meeting that already was in progress regarding travel forecasting issues for the Benson Road and Carr Road projects. At the meeting it was discussed that one of the outside consultants hired by King County had determined that work done by the other outside consultant hired by the County was incorrect. Plaintiffs recommended the use of the King County travel model for the task, and offered to do the work for the project.

29.    Defendant Nolan invited TFDM staff to a meeting pertaining to the Benson Road and Carr Road projects. Defendant Nolan thereafter notified TFDM staff only that the meeting had been cancelled, but in fact the meeting occurred in the absence of and without the knowledge of TFDM staff. At the meeting, decisions were made to not have TFDM work on the project and to ignore TFDM's recommendations.

30.    On January 9, 2003, plaintiff Chen sent an e-mail message to defendant Nolan expressing concerns regarding defendant Nolan's actions in not providing meeting minutes to TFDM, falsely identifying TFDM as recipients of the meeting minutes, complaining about plaintiffs being difficult to work with to plaintiffs' supervisor Lindwall rather than considering the substance of plaintiffs' statements, sending a meeting invitation which falsely identified plaintiffs as invitees, failing to inform TFDM of travel forecasting needs for the Benson Road and Carr Road projects for which outside

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 10

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

consultants were hired, and sending plaintiffs a meeting cancellation notice for a meeting that was held but excluded plaintiffs.

31.    Defendant Nolan did not respond to plaintiff Chen's e-mail.

32.    On January 15, 2003, defendant Lindwall met with plaintiffs and with Jay Osborne, Project Program Analyst.  Defendant Lindwall directed plaintiff Chen to not communicate by e-mail.  Plaintiffs explained that this was not a communication issue as stated by defendant Lindwall, that plaintiff Chen's message to defendant Nolan was not a "threat" as stated by defendant Lindwall, and that defendant Nolan had not responded to address the issues of unfair treatment and deceptive conduct in which defendant Nolan had engaged.

33.    In February, 2003, defendant Lindwall directed TFDM to provide a detailed work program.  There was no legitimate business justification for this requirement.  The purpose of the requirement was to punish and retaliate against plaintiffs for having raised concerns regarding improper governmental practices and actions as identified in this complaint.

34.    In December, 2002, TCM was involved in development of a new travel time model.  Model development is the main responsibility of TFDM, which has the most expertise and experience in travel forecasting within KCDOT.  Plaintiff Chen possesses specialized knowledge of travel time models.  Plaintiffs and TFDM Group were excluded from this model development by defendant Lindwall. Defendant Lindwall excluded plaintiffs for no legitimate governmental reason, but rather to retaliate against

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 11

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

plaintiffs for having challenged actions and raised concerns as identified in this complaint with respect to matters of legitimate and substantial public interest.

35.    In January, 2003, a Concurrency Transportation Advisory Committee technical review panel was established to provide guidance to TCM regarding travel time model development.  TFDM was not informed of the formation of this technical panel, even though TFDM had the greatest expertise in this field within King County.  Defendant Lindwall excluded plaintiffs from this committee in retaliation for plaintiffs' communications on matters of legitimate and substantial public interest.

36.    Defendant Lindwall acted systematically to not assign work to TFDM and to not provide TFDM the opportunity to lead projects.  Plaintiffs and TFDM were singled out for this adverse treatment.

37.    Defendant Lindwall and others excluded plaintiffs and TFDM from involvement in reviewing the TCM processes, work and results after TFDM had pointed out that TCM's processes and assumptions were flawed.

38.    Defendant Lindwall hired an outside consultant to resolve what she identified as "personality" and "communication" issues between TFDM and TCM.  The consultant concluded that the problems were the result of confusion over roles and responsibilities rather than "personality" or "communication" issues.    Defendant Lindwall did not follow her consultant's recommendations.

39.    Defendant Lindwall excluded TFDM from participation in work pertaining to the Regional Transportation Improvement District.

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 12

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

40.    Defendant Lindwall excluded plaintiffs and TFDM from participation in Roads Strategic Plan development.

41.    At a meeting regarding the Redmond Ridge East proposal attended by plaintiffs, defendant Dougherty, and other King County employees, Richard Warren informed the persons attending the meeting that the concurrency model assumed 1700 vehicles per direction for Novelty Hill Road, one of the roads affected by the proposed Redmond Ridge East development. Mr. Warren also stated that Snohomish County growth was not included in the concurrency model. On February 6, 2003, plaintiff Chen sent an e-mail communication to defendant Dougherty and others, stating that the Novelty Hill Road capacity identified by Mr. Warren was not reasonable and reaffirming concerns and issues previously communicated by TFDM to defendant Lindwall and Mr. Warren. Plaintiff Chen made recommendations to fix the assumptions and processes of the concurrency model and requested a response.

42.    On February 28, 2003, plaintiffs and three other members of the TFDM Group filed a whistleblower complaint with defendant King County. The complaint was amended on June 11, 2003.

43.    On April 10, 2003, plaintiffs Chen, Barahimi, and TFDM staff wrote to King County Executive Ron Sims to bring to Executive Sims' attention a fatal flaw in the processes used by the King County Transportation Concurrency Program, and in particular the processes used to issue a concurrency certificate for 1508 single-family units for the Redmond Ridge East development proposal.

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 13

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

44.     On May 1, 2003, defendant Dougherty wrote a letter to plaintiff Chen. Defendant Dougherty's letter reprimanded plaintiff Chen for having performed his job responsibilities in a proper and professional manner and for having spoken out on matters of legitimate and substantial public concern.

45.     On May 5, 2003, plaintiffs and TFDM staff filed a complaint with defendant King County regarding retaliatory conduct by defendant Lindwall against plaintiffs.

46.     On May 21, 2003, plaintiffs and TFDM staff filed a retaliation complaint against defendant Dougherty with defendant King County. This complaint alleged that defendant Dougherty retaliated against plaintiff Chen for having identified serious flaws in the concurrency program.

47.     On or about June 4, 2003, plaintiffs filed a complaint dated May 8, 2003 with the King County Office of Civil Rights, alleging discriminatory and retaliatory conduct on the part of defendants Lindwall and Nolan.

48.     Defendant King County did not conduct fair investigations with respect to plaintiffs' whistleblower and retaliation complaints. King County purported to conduct or obtain "independent" reviews of the complaints, but instead worked closely with the persons whose wrongful conduct was identified in the complaints to respond to the complaints.  King County hired an outside consultant to respond to one of the complaints. This consultant failed to inquire into and investigate several of the matters which were the subjects of the complaints, and instead focused her investigation on compiling the claims made by the respondents against plaintiff Chen.

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 14

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

49.     On September 25, 2003, defendant Dougherty issued layoff notices to plaintiffs Chen and Barahimi.  Defendant Lindwall participated in the actions and decisions that were the subject of these notices.  The notices stated false and untenable reasons for the decision to lay off plaintiffs Chen and Barahimi.  The real reason for the decisions was to retaliate against plaintiffs for speaking out on issues of legitimate and substantial public interest, and to retaliate against plaintiffs for having engaged in the protected activity of filing whistleblower, discrimination, and retaliation complaints.

50.     Defendants Lindwall and Dougherty worked together to retaliate against plaintiffs for having spoken out on issues of legitimate and substantial public importance, and for having filed whistleblower, discrimination, and retaliation complaints.  Defendant Dougherty had actual knowledge of defendant Lindwall's retaliatory conduct, and approved defendant Lindwall's wrongful actions.

51.     On October 15, 2003, defendant Lindwall issued a performance evaluation to plaintiff Chen.  The evaluation was unfavorable.  Plaintiff Chen's prior evaluations are much more favorable, because the prior evaluations accurately and properly reflected plaintiff Chen's performance.  Defendant Lindwall issued a less favorable evaluation to retaliate against plaintiff Chen for having exercised his First Amendment rights to raise issues of legitimate and substantial public interest and to file complaints challenging defendant Lindwall's discriminatory and retaliatory conduct.

52.     Plaintiffs Chen and Barahimi were the only employees within the entire King County Department of Transportation targeted by the layoff notices.  Defendants' layoff scheme did not promote any legitimate governmental interest, and was carried out

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 15

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

in violation of defendant King County's labor agreement with plaintiffs' union regarding layoffs and "bumping."

53.     Defendant King County's unlawful layoff scheme was put into effect in January, 2004.   Pursuant to this scheme, plaintiff Barahimi now has the position of Transportation Planner III, with responsibility for the County's non-motorized plan and other planning duties.  Pursuant to the County's unlawful layoff scheme, plaintiff Chen, Transportation Planner IV (supervisor), now has been demoted to the position of Transportation Planner II, under the supervision of an employee who "bumped" plaintiff Chen but does not have the qualifications to perform plaintiff Chen's former position.

54.     The actions and failures to act of defendants as alleged herein have caused harm to the careers and reputations of plaintiffs, have caused economic harm to the plaintiffs including lost future wages, and have caused emotional distress to be suffered by the plaintiffs.

55.     The actions and failures to act of defendants Dougherty, Lindwall and Nolan as alleged herein were malicious and/or in reckless disregard of the rights of plaintiffs Chen and Barahimi.

## IV.  FIRST CLAIM: RETALIATION IN VIOLATION OF THE FIRST AMENDMENT

56.     Defendants have retaliated against plaintiffs for plaintiffs' statements made in the course of plaintiffs' work on matters of legitimate and substantial public interest.

57.     Defendants' retaliatory actions violate plaintiffs' rights protected by the First Amendment to the United States Constitution, and by 42 U.S.C. § 1983.

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 16

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

## V.  SECOND CLAIM: RETALIATION IN VIOLATION OF
### THE LAW AGAINST DISCRIMINATION

58.    Plaintiffs' civil rights complaint, as described in paragraph 47 above, was filed in opposition to practices forbidden by chapter 49.60 RCW.

59.    Defendants retaliated against plaintiffs for filing their civil rights complaint.

60.    Defendants' retaliatory conduct constitutes unfair practices within the meaning of RCW 49.60.210 and violates plaintiffs' rights as otherwise protected by chapter 49.60 RCW.

## VI.  THIRD CLAIM:  ADVERSE EMPLOYMENT ACTION
### IN VIOLATION OF PUBLIC POLICY

61.    Plaintiffs reallege and incorporate by this reference the allegations set forth in paragraphs 1 through 60 above.

62.    The layoffs of plaintiffs Chen and Barahimi were contrary to the public policy of Washington, including but not limited to the policies of RCW 42.23.070(1) and the King County Code.

## VII.  FOURTH CLAIM: BREACH OF COLLECTIVE BARGAINING AGREEMENT

63.    Defendants' actions in contracting out work that could have been done by plaintiffs and the TFDM Group without notice to that group and to their union, and allowing an employee outside plaintiff Chen's unit to "bump" plaintiff Chen to a lower position, violated the collective bargaining agreement between defendant King County and the International Federation of Professional and Technical Engineers, Local 17.

64.    Plaintiffs are members of Local 17.

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 17

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

65.   Plaintiffs are the intended third-party beneficiaries of the agreement between defendant King County and Local 17.

66.   Defendant King County is liable to plaintiffs for its breaches of its agreement with Local 17.

## VIII.  PRAYERS FOR RELIEF

Having stated their complaint and claims, plaintiffs request the following relief:

1.   An award of their damages, including but not limited to double damages for back pay, front pay, damages for loss of reputation and harm to career, emotional distress damages, punitive damages, and general damages;

2.   Declaratory judgment that defendants have violated plaintiffs' rights as alleged in this complaint;

3.   Injunctive relief, including preliminary injunctive relief, requiring defendants to restore plaintiffs to the job titles and positions held by plaintiffs prior to the unlawful layoff that took effect in January, 2004 as alleged herein;

4.   Injunctive relief restraining and prohibiting defendants from engaging in further acts of retaliation against plaintiffs, by layoffs or other means;

5.   An award of plaintiffs' costs including reasonable attorneys' fees; and,

6.   Such further relief as the court deems just and equitable.

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 18

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

1    Dated this 6th day of April, 2004.

2                                    Respectfully submitted,

3
                                     GENDLER & MANN, LLP
4

5

6    By: _____

7                                     Michael W. Gendler
                                      WSBA No. 8429
8                                     Attorneys for Plaintiffs Chen and Barahimi

9    \Barahimi\Chen(Den)\Complaint 4 06 04

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR RETALIATION FOR EXERCISE OF
FIRST AMENDMENT RIGHTS - 19

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

FILED

FILED

04 APR -7 PM 1: 15

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

KING CO SUPERIOR CT
BARBARA MINER
Director & Superior CT Clerk
Seattle WA

04-2-08149-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 4/7/2004 | 4/7/2004 | 01:14 PM |

Receipt/Item #   Tran-Code   Docket-Code
2004-07-04957/01    1100        $FFR
Cashier: TDL

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET
(cics)

Paid By: GENDLER & MANN, LLP
   Transaction Amount:          $110.00

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

**04-2-08149-1 SEA**

CASE NUMBER: _____

CASE CAPTION: Chen et al. v. Dougherty et al.

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

___X___ Seattle Area, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____          _____
Signature of Petitioner/Plaintiff                Date
or

_____          Apr. 6, 2004
Signature of Attorney for                       Date
Petitioner/Plaintiff

8429
WSBA Number

L: forms/cashiers/cics
Rev 01/04

1

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**
- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**JUDGMENT**
- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [X] Other Complaint/Petition (MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**
- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Non-Probate Notice to Creditors (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only (WLL4)

**TORT, MEDICAL MALPRACTICE**
- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**
- [ ] Asbestos (PIN 2)**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Wrongful Death (WDE 2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**
- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

FILED

04 APR -7 PM 1:15

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### IN AND FOR THE COUNTY OF KING

*Ho-Chuan Chen, et al*

Plaintiff(s),

vs.

*Linda Dougherty, et al*

Defendant(s).

NO.  **0 4 - 2 - 0 8 1 4 9 - 1** SEA

ORDER SETTING CIVIL CASE SCHEDULE

ASSIGNED JUDGE: **SHARON ARMSTRONG**

TRIAL DATE: **Mon 8/29/05**
(*ORSCS)

On Wed 4/07/04, a civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this Order Setting Case Schedule (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____
Print Name                                                         Sign Name

ORDER SETTING CIVIL CASE SCHEDULE

Revised June 2003

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] —
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be
necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For
example, discovery must be undertaken promptly in order to comply with the deadlines for joining
additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for
meeting the discovery cutoff date [*See KCLR 37(g)*].

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES** [King County Local Rule 4(g)]
A *Show Cause Hearing* will be held before the assigned judge if the case is not at issue. The Order to
*Show Cause* will be mailed to all parties. The parties or counsel are required to attend. A
Confirmation of Joinder, Claims and Defenses must be filed by the deadline in the schedule.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike
any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by
filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned
judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days
after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A)**
to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to
mandatory arbitration and is at issue. If mandatory arbitration is required after the deadline, parties
must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a
Statement must pay a $220 arbitration fee** (effective 10/1/2002). If a party seeks a trial de novo
when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed
with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:** All parties will be assessed a fee authorized by King County
Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule
requirements <u>and/or</u> Local Rule 41.

### MOTIONS PROCEDURES:

#### A. Noting of Motions

1) Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.

   King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

2) Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

3) Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Local Rule 94.04 govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

4) Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

#### B. Filing of Documents

All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

1) Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

2) Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

#### C. Form:

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

Richard D. Eadie, PRESIDING JUDGE

Revised January 2004

FILED

2004 APR 13 PM 2: 20

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

BARAHIMI,

             Plaintiff,

    vs.

CHEN,

             Defendant(s).

ss.

No.  04-2-08149-1SEA

DECLARATION OF SERVICE

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States and resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on the 7th day of April, 2004 @ 1:18 PM, at the address of 516 3rd Ave #1025, Seattle, within KING County, Washington, the undersigned duly served the following document(s): SUMMONS; COMPLAINT FOR RETALIATION OF EXCERCISE OF FIRST AMENDMENT RIGHTS and FOR DAMAGES OF INJUNCTIVE RELIEF in the above entitled action upon ANNE NORIS c/o KING COUNTY COUNCIL'S OFFICE, by then and there personally delivering a true and correct copy of the above documents into the hands of and leaving same with Melani Pedroza as Legislative Secretary, King County Council who is an authorized representative for acceptance of service on behalf of ANNE NORIS c/o KING COUNTY COUNCIL'S OFFICE.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

Declarant further states that he/she is informed and believes, and therefore alleges, that neither of said defendants is in the military service of the United States.

Date: 4/9/04

Service Fee:  $
Return Fee:  $
Mileage Fee:  $
Misc. Fee:  $
Total Fee:  $ 32.00

Rodrigo Meza
Registered Process Server
License #: 0308885
NW Legal Support, Inc.
526 Yale Ave N, Suite A
Seattle, WA 98109
(206) 223-9425

The Honorable Sharon S. Armstrong

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

HO-CHUAN CHEN and HOSSEIN
BARAHIMI,

                    Plaintiffs,

          v.

LINDA DOUGHERTY; JENNIFER
LINDWALL; MATTHEW NOLAN;
and KING COUNTY,

                    Defendants.

NO. 04-2-08149-1 SEA

DECLARATION OF SERVICE

STATE OF WASHINGTON      )
                         )     ss.
COUNTY OF KING           )

     I, ANNA M. RUSS, under penalty of perjury under the laws of the State of

Washington, declare as follows:

     I am the legal assistant for Gendler & Mann, LLP, attorneys for plaintiff herein.  On

the date and in the manner indicated below, I caused the Case Schedule Order to be served

on:

DECLARATION OF SERVICE - 1

FILED

2004 APR 14 PM 12: 10

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA.

The Honorable Sharon Armstrong

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

HO-CHUAN CHEN and HOSSEIN BARAHIMI, )
                                                    )
                              Plaintiffs,           )   No. 04-2-08149-1 SEA
                                                    )
            vs.                                     )
                                                    )   NOTICE OF APPEARANCE
LINDA DOUGHERTY; JENNIFER LINDWALL;                 )
MATTHEW NOLAN; and KING COUNTY,                     )
                                                    )
                              Defendants.           )
                                                    )
                                                    )

TO:      HO-CHUAN CHEN and HOSSEIN BARAHIMI, above named plaintiffs

AND TO:  MICHAEL W. GENDLER, counsel for plaintiffs

         YOU AND EACH OF YOU, will please take notice that Diane H. Taylor and Ian Taylor,

Senior Deputy Prosecuting Attorneys, hereby appears on behalf of King County in the above-

entitled action, without waiving the question of:

         1.    Lack of jurisdiction over the subject matter;
         2.    Lack of jurisdiction over the person;
         3.    Improper venue;
         4.    Insufficiency of process;
         5.    Insufficiency of service of process;
         6.    Failure to state a claim upon which relief may be granted; and
         7.    Failure to join a party under Rule 19.

NOTICE OF APPEARANCE - 1
\\paccvl2\sys\employ\taylord\ho chuan\lawsuit\pleadings\noa.doc

ORIGINAL

Norm Maleng, Prosecuting Attorney
CIVIL DIVISION
Employment Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820 Fax (206) 205-0447

1       You are hereby further notified that all further papers and pleadings herein, except for

2  original process, shall be served upon the undersigned attorneys at the address below stated.

3       DATED this 14th day of April 2004.

4                    NORM MALENG
                       King County Prosecuting Attorney

5

6

7                 By: _____
                       DIANE H. TAYLOR, WSBA No. 15972

8                     Senior Deputy Prosecuting Attorney
                     Attorneys for King County

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 2
\\paocv12\sys\employ\taylord\bo chuan\lawsuit\pleadings\noa.doc

Norm Maleng, Prosecuting Attorney
CIVIL DIVISION
Employment Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 205-0447

1

2

The Honorable Sharon S. Armstrong

3

**FILED**
KING COUNTY, WASHINGTON

4

APR 2 6 2004

5

SUPERIOR COURT CLERK

6

7

8           IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                        IN AND FOR KING COUNTY

9

10   HO-CHUAN CHEN and HOSSEIN
     BARAHIMI,
11
                                                NO. 04-2-08149-1 SEA
                              Plaintiffs,
12
                                                ACCEPTANCE OF SERVICE
13         v.

14   LINDA DOUGHERTY; JENNIFER
     LINDWALL; MATTHEW NOLAN;
15   and KING COUNTY,

16
                              Defendants.
17

18         I hereby certify that I am attorney for defendant Matthew Nolan, that I am authorized

19   to accept service and hereby accept and stipulate to acceptance of original service on behalf

20   of defendant Nolan of the following listed documents:

21
           1.    Summons
22

23         2.    Complaint for Retaliation for Exercise of First Amendment Rights, for

24   Damages and for Injunctive Relief (Apr. 7, 2004).

25         I certify under penalty of perjury under the laws of the State of Washington that the

26   foregoing is true and correct.

27

28

                                                    GENDLER & MANN, LLP
                                                    1424 Fourth Avenue, Suite 1015
                                                    Seattle, WA 98101
     ACCEPTANCE OF SERVICE - 1        **ORIGINAL**   Phone: (206) 621-8868
                                                    Fax: (206) 621-0512

1    DATED this 22nd day of April , 200 4 , at Seattle ,

2    Washington.

3

4

5

6    Diane H. Taylor

7    WSBA No. 15972
     Attorney for Defendants

8    \Barakini\Chan(Den)\Accept Service Nolan 4 16 04

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

ACCEPTANCE OF SERVICE - 2

The Honorable Sharon S. Armstrong

FILED
KING COUNTY, WASHINGTON
APR 2 6 2004
SUPERIOR COURT CLERK

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

HO-CHUAN CHEN and HOSSEIN
BARAHIMI,

                 Plaintiffs,

    v.

LINDA DOUGHERTY; JENNIFER
LINDWALL; MATTHEW NOLAN;
and KING COUNTY,

                Defendants.

NO. 04-2-08149-1 SEA

ACCEPTANCE OF SERVICE

I hereby certify that I am attorney for defendant Jennifer Lindwall, that I am authorized to accept service and hereby accept and stipulate to acceptance of original service on behalf of defendant Lindwall of the following listed documents:

1.    Summons

2.    Complaint for Retaliation for Exercise of First Amendment Rights, for Damages and for Injunctive Relief (Apr. 7, 2004).

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

ACCEPTANCE OF SERVICE - 1

ORIGINAL

GENDLER & MANN, LLP
1424 Fourth Avenue, Suite 1015
Seattle, WA 98101
Phone: (206) 621-8868
Fax: (206) 621-0512

1    DATED this 22nd day of _____, 200 4 , at _____,

2    Washington.

3

4

5

6    _____
     Diane H. Taylor

7    WSBA No. 15972
     Attorney for Defendant Lindwall

8
     \Barahimi\Chen\(Den)\Accept Service Lindwall 4 16 04
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    GENDLER & MANN, LLP
                                    1424 Fourth Avenue, Suite 1015
                                    Seattle, WA 98101
                                    Phone: (206) 621-8868
      ACCEPTANCE OF SERVICE - 2     Fax: (206) 621-0512

1    The Honorable Sharon S. Armstrong

2

3

4                                           **FILED**
                                    KING COUNTY, WASHINGTON

5                                       APR 2 6 2004

6                                   SUPERIOR COURT CLERK

7

8         IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                      IN AND FOR KING COUNTY

9

10   HO-CHUAN CHEN and HOSSEIN
     BARAHIMI,

11                                        NO. 04-2-08149-1 SEA

12                  Plaintiffs,

13        v.                              ACCEPTANCE OF SERVICE

14   LINDA DOUGHERTY; JENNIFER
     LINDWALL; MATTHEW NOLAN;
15   and KING COUNTY,

16
                    Defendants.
17

18        I hereby certify that I am attorney for defendant Linda Dougherty, that I am

19   authorized to accept service and hereby accept and stipulate to acceptance of original service

20   on behalf of defendant Dougherty of the following listed documents:

21

22        1.    Summons

23        2.    Complaint for Retaliation for Exercise of First Amendment Rights, for

24   Damages and for Injunctive Relief (Apr. 7, 2004).

25        I certify under penalty of perjury under the laws of the State of Washington that the

26   foregoing is true and correct.

27

28
                                                  GENDLER & MANN, LLP
                                                  1424 Fourth Avenue, Suite 1015
                                                  Seattle, WA 98101
     ACCEPTANCE OF SERVICE - 1      ORIGINAL      Phone: (206) 621-8868
                                                  Fax: (206) 621-0512

1   DATED this 22nd day of _____ , 200 4 , at _____ ,

2   Washington.

3

4

5

6   Diane H. Taylor

7   WSBA No. 15972
    Attorney for Defendant Dougherty

8   \Barajima\Chen(Don)\Accept Service Dougherty 4 16 04

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACCEPTANCE OF SERVICE - 2