UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HO-CHUAN CHEN and HOSSEIN BARAHIMI,<br><br>Plaintiffs,<br><br>v.<br><br>LINDA DOUGHERTY, JENNIFER LINDWALL, MATTHEW NOLAN and KING COUNTY,<br><br>Defendants. | No. CV04-0987P<br><br>ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' Motion for Partial Summary Judgment to dismiss three of Plaintiffs' four causes of action and Plaintiffs' claim for punitive damages under 42 U.S.C. § 1983. Plaintiffs' complaint alleges four causes of action: (1) Violation of the First Amendment and 42 U.S.C. § 1983, (2) Violation of the Washington Law Against Discrimination (RCW 49.60.210(1)), (3) Adverse Employment Action in Violation of Public Policy, and (4) Breach of the Collective Bargaining Agreement. Plaintiffs stipulate to the dismissal of their fourth claim, Breach of the Collective Bargaining Agreement (Pls.' Reply Br. at 12). Defendants assert that Plaintiffs' claim for punitive damages against King County should be dismissed because a municipality is immune from such damages under 42 U.S.C. § 1983. Defendants assert that Plaintiffs' claim for Violation of the Washington Law Against Discrimination should be dismissed because RCW 49.60.210(2) only applies to state employees. Defendants also assert that Plaintiffs' claim for Adverse Employment Action in Violation of Public Policy should be dismissed because (1) no genuine issue of material fact exists showing that Plaintiffs were discharged and (2) Washington only recognizes the tort of wrongful discharge in violation of public policy.

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

## BACKGROUND

Plaintiffs Hossein Barahimi and Ho-Chuan Chen are King County employees who were employed in the Road Services Division work group called Travel Forecasting and Data Management ("TFDM"). Beginning in 2000 and continuing thereafter, Plaintiffs voiced specific concerns to superiors Linda Dougherty, Jennifer Lindwall, and Matthew Nolan. They allegedly responded to Plaintiffs' concerns with retaliation. Plaintiffs and other TFDM members then joined in a "whistleblower" complaint. After experiencing further alleged retaliation, Plaintiffs filed administrative complaints alleging discrimination on the basis of race and national origin.

In 2003, Plaintiffs were each hand delivered a letter signed by Ms. Dougherty stating that they were being laid off due to budget reductions. The language in both letters is similar. In the body of each letter are the words "you will be laid off from your position." Each letter states that "the intent is to provide you with adequate time to pursue other job or career opportunities." The concluding paragraphs of each letter describe "layoff-recall services," "bumping rights," and "important information about leaving County employment," including "exit" information. The very last paragraph of each letter begins with the sentence "I sincerely regret having to give you this notice of layoff, and I know the impact this undoubtedly will have on you and your family."

Notwithstanding the layoffs, Plaintiffs obtained new positions in King County by exercising their "bumping rights" under their union's collective bargaining agreement ("CBA"). Once Plaintiffs were "bumped," they were put on a six-month probation period. Defendants thereafter agreed with Plaintiffs' union to waive the probationary period. Plaintiffs retained their seniority because the CBA allows employees to retain their seniority for one year upon termination for any reason other than just cause. Plaintiffs also continued to receive their wages and benefits without interruption.

Plaintiffs are suing Defendants for injuries sustained from allegedly being laid off from their previous positions in retaliation and for alleged retaliation for exercising their legal rights to seek administrative remedies for Defendants' alleged actions.

## ANALYSIS

1   Summary judgment is not warranted if a material issue of fact exists for trial. Warren v. City
2   of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert denied, 516 U.S. 1171 (1996). The underlying
3   facts are viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus.
4   Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Summary judgment will not lie if. . . the
5   evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v.
6   Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the
7   burden to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H.
8   Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met its initial burden, the burden
9   shifts to the nonmoving party to establish the existence of an issue of fact regarding an element
10  essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex
11  Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). To discharge this burden, the nonmoving party
12  cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue for
13  trial. Id. at 324. This Court will not weigh the evidence in this case, but only determine whether or
14  not there is a genuine issue of fact for trial. Montero v. AGCO Corp., 192 F.3d 856, 860 (9th Cir.
15  1999).

16  I.   Punitive Damages under 42 U.S.C. § 1983 Claim.

17   Plaintiffs concede that punitive damages are not available under 42 U.S.C. § 1983 against
18  King County. However, Plaintiffs assert that their claim of punitive damages against Linda
19  Dougherty, Jennifer Lindwall, and Matthew Nolan should withstand Defendants' Partial Summary
20  Judgment Motion. Under § 1983, punitive damages may be sought against a defendant in his or her
21  individual capacity. Agresta v. Good, 797 F. Supp. 399, 410 (E.D. Pa. 1992) (citing Smith v. Wade,
22  461 U.S. 30, 51 (1983)). Here, the Complaint states that the claims against the individually named
23  defendants are brought against them in their individual and official capacities. (Compl. ¶ 4-6). This
24  Court will grant Defendants' Partial Summary Judgment Motion regarding punitive damages under
25  42 U.S.C. § 1983 only against King County and not the other Defendants.

26

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

Although Plaintiffs stipulate that punitive damages are not available under 42 U.S.C. § 1983 against King County, they assert that they may be entitled to double damages against King County pursuant to RCW 49.52.070 (Pls.' Reply Br. at 12). King County objects to Plaintiffs' request for double damages because Plaintiffs never specified this remedy in their Complaint. Defendants' motion specifically addressed punitive damages under §1983 and Plaintiffs in their Reply Brief for the first time specifically mention double damages under RCW 49.52.070. For these reasons, this Court will reserve making any ruling on whether Plaintiffs are entitled to double damages until the parties appropriately brief the issue.

II.     Violation of Washington's Law Against Discrimination.

Defendants' Partial Summary Judgment Motion to dismiss Plaintiffs' second claim pursuant to RCW 49.60.210(2) will be denied. Defendants contend that any claim under RCW 49.60.210(2) does not apply to Plaintiffs' case and should be dismissed as a matter of law because the statute applies only to state employees. However, Plaintiffs allege a state law claim for retaliation for having filed an administrative civil rights complaint pursuant to RCW 49.60.210(1). Hence, there is no claim pursuant to RCW 49.60.210(2) before this Court to dismiss. Although Defendants contend that Plaintiffs' allegations under RCW 49.60.210 (1) are equally without merit, Defendants acknowledge that any claims under RCW 49.60.210(1) are not addressed by their Motion and will be raised with the Court at a later date.

III.    Adverse Employment Action in Violation of Public Policy.

Defendants maintain that Plaintiffs' wrongful discharge claim fails as a matter of law because Plaintiffs were never discharged by King County. Defendants argue that Plaintiffs were merely transferred or demoted because Plaintiffs both exercised their "bumping rights" under their union's CBA and continued their employment with King County maintaining their seniority, benefits, and wages. Defendants also argue that Plaintiffs are barred from bringing their common law claim because Plaintiffs' rights may be protected by alternative remedies.

    A.     Do Plaintiffs' Layoff Notices Constitute a Discharge?

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

A claim for wrongful discharge in violation of public policy applies only in situations where an employee has been discharged. Roberts v. Dudley, 140 Wn. 2d 58, 76, 993 P.2d 901 (2000). The Washington State Supreme Court has refused to broaden this tort action to include any adverse employment action less than a full discharge. White v. State, 131 Wn. 2d 1, 18-20, 929 P.2d 396 (1997). Therefore, a plaintiff must have been "fired" or "discharged." Warnek v. ABB Combustion Engineering Services, 137 Wn. 2d 450, 461, 972 P.2d 453 (1999). "A discharge may be express or constructive." Riccobono v. Pierce County, 92 Wn. App. 254, 263, 966 P.2d 327 (1998).

Defendants rely on Korslund v. Dyncorp Tri-Cities Services, 121 Wn. App. 295, 321, 88 P.3d 966 (2004) and White to support their position. In Korslund, two of three employees who suffered a medical leave of absence from which they were unable to return to work sought damages for a wrongful discharge in violation of public policy. 121 Wn. App. at 309-11. The plaintiffs alleged that they were constructively discharged because intolerable working conditions forced them to leave their jobs. Id. at 313. The court held that the proper analysis for determining whether the employees were constructively discharged was whether the employees permanently left the job. Id. at 315. Defendants cite the Korslund factors for determining whether an employee permanently left the job: disability benefits for active employees, medical coverage benefits at employee rates, and CBA provisions for the employee's eligibility to return to work. Id. at 316.

However, the application of Korslund by Defendants in this case is misplaced. In Korslund, the issue before the Court was whether plaintiffs proved they were constructively discharged and thereby satisfied the "discharge prong" of the claim for wrongful discharge against public policy. Id. at 313-14. Here, Plaintiffs are not alleging that they were constructively discharged from their former positions, but that their "layoffs" were sufficient to satisfy the "discharge prong" of the wrongful discharge against public policy tort.

Taking all evidence and inferences in the light most favorable to Plaintiffs, there is a genuine issue of material fact presented. A reasonable juror could find an "express discharge" from the language of the layoff letters (Riccobono, 92 Wn. App. at 263); i.e., that the intent of the layoff

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

letters was to make it clear to Mr. Barahimi and Mr. Chen that their work for King County was coming to an end starting January 1, 2004.  The language of the letters supports this inference.  In the body of each letter are the words "you will be laid off from your position."  Each letter states that "the intent is to provide you with adequate time to pursue other job or career opportunities."  The concluding paragraphs of each letter describes "layoff-recall services," "bumping rights," and "important information about leaving County employment," including "exit" information.  The very last paragraph of each letter begins with the sentence "I sincerely regret having to give you this notice of layoff, and I know the impact this undoubtedly will have on you and your family."  Among other things, the fact that both Mr. Barahimi and Mr. Chen were advised to seek other opportunities of employment suggests that they were being discharged.

Defendants cite White for the holding that an adverse employment action such as a transfer fails to satisfy the "discharge prong" for wrongful discharge in violation of public policy. 131 Wn. 2d at 18.  Contrary to the facts in White, Plaintiffs were not transferred.  In order to be gainfully employed after January 1, 2004, Plaintiffs elected to bump an employee with less seniority within the same classification series.  Therefore, Plaintiffs are still working for King County only because of their own efforts.

Additionally, King County treated Plaintiffs in their new positions as new employees.  Once Plaintiffs were "bumped," they were put on a six month probation period.  Although King County thereafter agreed with Plaintiffs' union to waive the probationary period, Plaintiffs escaped a probationary period only because the CBA allows employees to retain their seniority for one year upon termination for any reason other than just cause.  This Court will deny Defendants' Motion for Partial Summary Judgment because Plaintiffs' evidence establishes genuine issues of material fact concerning whether Mr. Barahimi and Mr. Chen were discharged.

B.     Are Plaintiffs Precluded From Bringing Claim Due to Alternative Remedies?

Defendants contend that because Plaintiffs' rights are already protected by civil service rules, the CBA, and civil rights statutes, a claim for wrongful discharge against public policy should not be

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

allowed. However, simply because Plaintiffs may have administrative and contractual remedies under state and federal law does not mean Plaintiffs are precluded from pursuing a claim for wrongful discharge against public policy. Smith v. Bates Technical College, 139 Wn. 2d 793, 805-06, 991 P.2d 1135 (2000). Additionally, a statutory remedy does not bar a common law tort claim unless the statutory remedy is mandatory and exclusive. Korslund, 121 Wn. App. at 321 (citing Wilmot v. Kaiser Aluminum and Chem. Corp., 118 Wn. 2d 46, 53-66, 821 P.2d 18 (1991)). For these reasons, this portion of Defendants' Motion for Partial Summary Judgment is denied; the public policy against retaliatory discharges applies with equal force regardless of whether Plaintiffs' rights are protected by other remedies.

## CONCLUSION

Consistent with the analysis above, the Court DENIES Defendants' Motion for Partial Summary Judgment, except with respect to Plaintiffs' claim of punitive damages under §1983 against King County.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: May __3_, 2005.

Marsha J. Pechman
U.S. District Judge

ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7