UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HO-CHUAN CHEN and HOSSEIN BARAHIMI,

        Plaintiffs,

  v.

LINDA DOUGHERTY, et al.,

        Defendants.

No. C04-987MJP

ORDER ON PLAINTIFFS' MOTION FOR ISSUANCE OF NEW CASE SCHEDULE AND TRIAL DATE

This matter comes before the Court on Plaintiffs' motion for issuance of a new case schedule and trial date. (Dkt. No. 128). Having reviewed the materials submitted by the parties and the balance of the record, the Court GRANTS in part and DENIES in part Plaintiffs' motion. The Court will set a new trial date of February 4, 2008. However, the Court declines on the record before it to extend the deadlines for discovery or expert reports. The Court also declines to reset the dispositive motions deadline, with the single exception that the parties may file dispositive motions based on the Supreme Court's ruling in Garcetti v. Ceballos, 126 S. Ct. 1951 (2006). The reasons for the Court's order are set forth below.

**Discussion**

Plaintiffs Ho-Chuan Chen and Hossein Barahimi filed this lawsuit in April 2004. Their complaint raised various claims relating to their employment at the King County Department of

ORDER - 1

1  Transportation, including claims under 42 U.S.C. § 1983 for alleged violations of their First

2  Amendment rights. The Court issued a case schedule setting a trial date of July 11, 2005. In April

3  2005, after the close of discovery, Defendants filed a motion for partial summary judgment. (Dkt. No.

4  57). Among other things, Defendants argued in the motion that Plaintiffs' Section 1983 claims should

5  be dismissed on qualified immunity grounds. On June 28, 2005, the Court denied Defendants' request

6  for summary judgment based on qualified immunity. (Dkt. No. 86).

7  On June 30, 2005, Defendants Linda Dougherty and Jennifer Lindwall filed a notice of appeal

8  regarding the qualified immunity ruling. The parties stipulated that Defendants' appeal divested the

9  Court of jurisdiction and the Court stayed the case on July 5, 2005, less than a week before the

10  scheduled trial date.

11  On March 21, 2007, the Ninth Circuit issued a decision on Defendants' interlocutory appeal.

12  The Ninth Circuit dismissed some issues, affirmed this Court's ruling in part, and remanded the case

13  for further proceedings. In its decision, the Ninth Circuit noted:

> After the district court denied summary judgment, the Supreme Court decided Garcetti v. Ceballos, 126 S. Ct. 1951 (2006). Appellants argue that Ceballos mandates summary judgment against all of appellees' First Amendment claims because all of the speech that appellees claim was the target of retaliation was made "pursuant to their official duties." See Ceballos, 126 S. Ct. at 1960. Speech made by a public employee pursuant to his or her official duties is not protected speech and cannot form the basis of a cognizable First Amendment retaliation claim. Id. at 1959. However, because the parties did not develop a factual record regarding this issue below, and because the district court has not ruled on it, we do not reach the issue on appeal. On remand the district court shall determine whether the speech allegedly targeted for retaliation constitutes protected speech in light of Ceballos . . . . We thus do not preclude appellants from making a renewed motion for summary judgment on this basis on remand.

(Slip Op. at 2-3). The Ninth Circuit's mandate issued on April 12, 2007.

The parties agree that the Court should set a new trial date in early February 2008 or late March 2008. However, they disagree on whether the Court should set new deadlines for expert reports and discovery. Under the original case schedule, the expert report deadline was January 12,

ORDER - 2

2005, while the discovery cut-off was March 13, 2005. Those deadlines had already passed when Defendants filed their interlocutory appeal on June 30, 2005.

On the record before it, the Court does not find good cause to set new discovery or expert report deadlines. Those deadlines had already passed when Defendants filed their interlocutory appeal. In its decision, the Ninth Circuit plainly contemplated that Defendants should be given an opportunity after remand to file a renewed summary judgment motion based on the Supreme Court's intervening decision in Ceballos. Although Plaintiffs offer several reasons for seeking additional discovery and expert disclosures, they do not suggest that they need additional discovery or expert reports to respond to a summary judgment motion based on Ceballos. Therefore, the Court denies Plaintiffs' request to extend the discovery or expert report deadlines because Plaintiffs have not shown good cause for such extensions. The Court denies this request without prejudice to Plaintiffs' ability to file a renewed motion that shows good cause why these deadlines should be extended.

In light of the Ninth Circuit's decision, the Court will reopen the dispositive motions deadline for the limited purpose of permitting the parties to file summary judgment motions based on Ceballos. The parties should meet and confer regarding a briefing schedule for such motions. If both sides wish to file summary judgment motions based on Ceballos, they are directed to file cross-motions on the same day. The parties are advised that the Court typically dispenses with reply briefs when parties file cross-motions for summary judgment. If the parties choose to file cross-motions based on Ceballos, they are directed to file opening briefs of no more than 24 pages and response briefs of no more than 24 pages. No reply briefs for cross-motions are to be filed unless directed by the Court, except as necessary to respond to a motion to strike as provided by Local CR 7(g). Because the dispositive motions deadline in this matter had already passed at the time Defendants filed their interlocutory appeal on June 30, 2005, the Court extends the dispositive motions deadline only for the purpose of permitting the parties to file dispositive motions based on Ceballos. No other dispositive motions shall be filed absent a showing of good cause why additional dispositive motions should be permitted.

ORDER - 3

## Case Schedule Following Remand

Consistent with the discussion above, the trial date and related deadlines following remand are set forth below:

_____

| | |
|---|---|
| **TRIAL DATE** | February 4, 2008 |
| Dispositive motion(s) based on <u>Ceballos</u> must be filed by and noted on the motion calendar no later than the third Friday thereafter (<u>see</u> CR 7(d)) | November 5, 2007 |
| Settlement conference per CR 39.1 held no later than | December 6, 2007 |
| Mediation per CR 39.1(c)(3) held no later than | January 4, 2008 |
| All motions in limine must be filed by and noted on the motion calendar no later than the second Friday thereafter | January 7, 2008 |
| Agreed pretrial order due | January 23, 2008 |
| Pretrial conference | January 25, 2008, at 1:30 p.m. |
| Trial briefs, proposed voir dire questions, proposed jury exhibits, and trial exhibits due | January 30, 2008 |
| Length of Trial: 10 days | Jury  <u>X</u> |

_____

Aside from the changes in dates, the other requirements set forth in the Court's scheduling order dated September 13, 2004 (Dkt. No. 11) will continue to apply.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: May 16, 2007.

                                                s/Marsha J. Pechman
                                                Marsha J. Pechman
                                                United States District Judge

ORDER - 4