UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HO-CHUAN CHEN and HOSSEIN BARAHIMI,

    Plaintiffs,

v.

LINDA DOUGHERTY, et al.,

    Defendants.

No. C04-987 MJP

ORDER ON PLAINTIFF'S DISCOVERY MOTION

This matter comes before the Court on Plaintiff Barahimi's motion to compel discovery and for sanctions. (Dkt. No. 185.) Having reviewed the motion, Defendants' response (Dkt. No. 207), Plaintiff's reply (Dkt. No. 212), and all papers[1] submitted in support thereof, the Court DENIES the motion for the reasons set forth below.

In putting together a discovery plan, it is important for the parties to meet and confer on the use of Electronically Stored Information ("ESI"). It is clear from this motion that the parties failed to engage in such discussions. Before beginning discovery, the parties should have determined: (1) what ESI is available; (2) the cost and ease of production of ESI; (3) an agreed-upon format for production of ESI; and (4) search terms that would yield usable information. Given the technology

---

[1] The Court has also reviewed Defendants' motion to strike (Dkt. No. 215) and Plaintiff's motion to strike (Dkt. No. 220) and has determined that it need not rule on either motion to reach its decision. Both motions are hereby terminated.

ORDER - 1

of ESI, it is no longer necessary for a party to produce 50,000 pages of paper documents nor is it expected that a party should repeatedly cull data from those documents without utilizing agreed-upon search terms and any other necessary contributions from the demanding party.

The parties' failure to follow the above process or recognize the realities of ESI discovery has led to the current motion. The Court now orders Defendants to produce all documents previously produced in hard copy in an electronic and searchable format. The Court assumes that this can be done at a negligible cost. Plaintiff can then run any search desired that corresponds with her request for production.

Defendants shall deliver the ESI within five days of this order. Costs of the previously produced paper copies shall be born equally by both sides. Both parties failed to find a solution to this discovery dispute and failed to make diligent attempts at problem-solving before approaching the Court. No other costs are to be shifted. Plaintiff could have headed off the problem by participating in the formulation of search term criteria with the defense.

The clerk is directed to send a copy of this order to all counsel of record.

Dated: October 1st, 2008

Marsha J. Pechman

U.S. District Judge

ORDER - 2