JAMS
600 University Street
Suite 1910
Seattle, WA 98101

| | |
|---|---|
| Ho-Chuan Chen and Hossein Barahimi, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Linda Dougherty, Jennifer Lindwall and King County, ) <br> Defendants. ) | No. CV 04-0987-P <br><br> Special Master Report |
| Hossein Barahimi, ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> King County and Sue Osterhoudt, ) <br> Defendants ) | |

　　　　Pursuant to the Minute Order of January 2009 the undersigned submits this report to the Court.

The following documents were reviewed:

　　　　A. <u>From Plaintiffs</u>: Susan Mindenbergs' letter of 1/23/2009 to the Special Master and its enclosures: the Special Master's Brief, Declaration of Susan Mindenbergs and appendices; Defendants' Privilege Log, Order on Cross Motions for Summary Judgment and Order on Motion for Summary Judgment and Motions to Strike; Susan Mindenbergs letter to the Special Master of 1/28/09.

Special Master Report - 1

B. <u>From Defendants</u>: Nancy A. Anderson letter to the Special Master of 1/23/2009; Declarations of Cheryl Jacobs, Sue Osterhoudt; Linda Dougherty and Jennifer Lindwall; Defendants' Opposition to Plaintiff's Second Motion to Compel Discovery and For Fees, with attached documents and declarations; Defendants' LR 7(g) Surreply/Request to Strike Material Contained in Plaintiff's Reply Submissions Regarding Second Motion to Compel, and attached declaration; Defendants' Privilege log of September 8, 2008 (56 pages); Defendants' December Supplemental Privilege Log (245 pages); Nancy Anderson letter to the Special Master dated January 28, 2009.

C. <u>The 100 documents</u> selected by Plaintiff as submitted by Defendants in two volumes along with Defendants' 1-4 paragraph explanation of each document. (I do not know whether or not these explanations were copied to Plaintiffs).

D. All the <u>documents from the September 8, 2008 log</u> (these were available but only a few were reviewed at random).

Addressing the Court's Questions the Special Master finds as follows:

<u>I. Adequacy of the Privilege Logs under Fed. R. Civ.P. 26(b)(5)</u>

Rule 26(b)(5) requires a party withholding documents to both expressly name the claim of privilege and to describe the nature of the documents withheld, "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." A significant purpose of the rule is to reduce the need for *in camera* inspections of documents.

Special Master Report - 2

The commentary and cases make clear that there is no single formula for determining compliance with the rule, but that the specifics of the particular case are to be considered in determining if the withholding party has met the requirements

A. The December Supplemental log of 245 pages.

1. Defendants admit that this log is fatally flawed and that ". . . we see no choice but to withdraw it." Unfortunately this statement was in their letter of January 23, 2009 which was not delivered to me on January 23, 2009 but on January 26, 2009 after I had already reviewed the log and most of the 100 documents. Uncertain of the format that Defendants would employ on an "updated" log I continued my review of the adequacy of the log format.

2. Non-Responsive Documents. Defendants assert that 59 of the 100 documents were incorrectly listed as privileged when they should have been listed as "Non-Responsive." I reviewed those documents and found them all to indeed be non-responsive. Although I did not have the Plaintiff's document requests, the documents were all clearly related to other matters than the issues present in this litigation. They seem to have been gathered by computer pursuant to search words or terms. I found no basis to be suspicious of the "Non –Responsive" label.

3. Information on the log. This log provides for each document only the following: the stamp numbers, number of pages, date of the document, author, and recipient and then states for each either "Privilege" or "Not Responsive."

4. <u>Privilege asserted.</u> A <u>specific privilege(s)</u> is not identified although it can be presumed that the privileges alleged in this case are attorney/client communications/ work product/ or "prepared in anticipation of litigation."

5. <u>Attorney/Client document.</u> Some of the documents are either to or from one of Defendants' attorneys and an initial presumption may be permissible that the document would be properly withheld. However, without some type of document description this assumption could be in error, if, for example, the sender were merely sending to his/her attorney, a document that would otherwise be discoverable as created in the ordinary course of business and were not a request for, or expectation of, advice from the attorney. None of the 100 selected documents, upon inspection, suffered from this potential flaw, but it did take an *in camera* review to make this determination.

6. <u>Lack of description.</u> For documents without an attorney appearing in the "to or "from" column there is no way of assessing the claim of privilege other than by *in camera* review.

7. <u>Recipient list.</u> The *in camera* inspection reveals that the log only lists the latest or main recipient of the document, rather than all the recipients. If the log listed all the recipients/authors of the documents, either because they were "c.c'd" or because they are an earlier author/recipient in an e-mail string it would be far more apparent that attorney communications were involved. Only *in camera* review revealed this however, thus defeating the purpose of the Rule.

8. 36 of the 100 documents on the December log do appear on the September log. Defendants admit that 59 of the documents were there as a result of computer miscoding; this error has caused much time and expense to the parties.

9. Defendants assert in their letter of January 28, 2009 that there are only 71 additional documents beyond those identified in the September 2008 log that they claim are privileged.

Recommendation A: The December Supplemental log of 245 pages does not provide sufficient information for a party to assess the privilege, or the court to make a determination without an *in camera* review. As Defendants were able to produce the log of September 2008 which has considerably more information on it, the supplemental log should have at least been in a similar format. The December Supplemental log should be withdrawn or stricken and Defendants should immediately identify the 71 documents over which they still claim privilege. Their identification should be in a form and content at least as specific as the September log, but preferably more specific. (See below) Defendants should be responsible for the Special Master's fees related to the difficulty created by their computer errors. Defendants should not have to forfeit their claim of privilege as to these documents under the circumstances in this case: a) there does not appear to have been any intentional withholding of documents (see section II below); b) the vast number of documents being produced and reviewed along with the technical complexities faced makes inevitable the occurrence of honest mistakes, and c) Plaintiffs' counsel have not been as reasonable as they should have been in responding to Defendants' requests to meet and confer over these production issues.

B. Adequacy of the September 2008 log.

1. Apparently Plaintiff did not and does not challenge the adequacy of the September log. However in reviewing both logs and the chosen 100 documents the Special Master finds that there are issues that arise under this log that should be improved upon for the 71 documents that Defendants wish to add to their privilege list.

2. The September log format does not in many instances identify the number of pages of the document (which the December log does). For example, the document listed as 007225 is actually a 4 page document.

3. Documents identified as an "attachment" to an e-mail don't identify which e-mail document they were attached to. From my inspection often the e-mail is listed separately as a privileged document. It would be desirable to know from the log which attachments go with which e-mails.

4. The log includes a listing of a document's "Title." Sometimes the document titles are helpful in assessing the claim of privilege, such as a title of "Barahimi Grievance." In other instances the "title" is woefully inadequate such as a document entitled "1231200-1.Doc" which, after *in camera* inspection, turns out to be a document-draft prepared and/or reviewed by one of Defendants' attorneys. The title entries on the log appear to have been arrived at by a simple mechanistic (computer?) recitation of the subject line of an e-mail which is not always

Special Master Report - 6

descriptive. For the 71 remaining documents to be identified, more accurate titles would be preferable.

5. <u>Email string.</u> 36 of the 100 documents identified by plaintiff are on the September log. Some of these are e-mail strings with numerous people contributing to and receiving parts of the string. However, the log only lists the most recent sender and recipient(s) of the string, burying therefore all the individuals that should be listed as recipients or senders. In a number of cases it is only by looking at the 2nd or 3rd or last e-mail down in the string that one finds, for example, the attorney that caused the string to end up on the privilege log. For example one string was started by an attorney asking County staff person for some information to assist in trial preparation. That request then got bounced around from person to person looking for the information requested by the attorney, however, on the log it is only the last two people in the string that are listed and so from the log it looks like a simple "ordinary course of business" document.

6. Out of the 36 documents identified by Plaintiff that are on the September log I found that 21 of the log entries did not have enough information to allow me to easily assess the claim of privilege and I had to make an *in camera* inspection of the document (I did inspect all 100 documents nevertheless). All the documents were properly withheld (or were Non-responsive) and I found no document that should have been produced (See below for further discussion of this point).

Special Master Report - 7

<u>Recommendation B</u>: As Plaintiff did not timely object to the adequacy of the September 2008 log no such objection should now be allowed. I have identified some problem areas only for the purpose of guiding the parties and the court regarding the 71 documents that Defendants wish to "keep" or "add" on their list.

II. Appropriateness of the Claims of Privilege.

A. The privileges claimed were all attorney/client communication, work product and/or documents produced in anticipation of litigation. Defendants admitted that 3 documents were improperly withheld due to error and have stated they will be produced (documents 4269-72, 18872-3 and 19011). The remaining documents were carefully reviewed and I concluded that they were all properly withheld. There were two instances in which I initially had some question, but resolved them in favor of the Defendants. Those questions were as follows:

1. One document (14955-57) consisted of intra-county e-mails about action to be taken, including the text of a letter to be sent to a member of the public (it was not clear if the text was a draft or a final version). At the end of the string it was all sent to the County's attorney with the notation "FYI." Merely sending an ordinary-course-of -business document to an attorney doesn't automatically shield it from discovery. However, in reading the e-mails it appears that the sender was in fact asking for advice about the proposed action and not trying to shield anything.

2. Some of the withheld documents were drafts of documents, the finals of which the County claims to have disclosed. There can be instances in which drafts of documents are relevant and discoverable; however, the ones here appear to have legitimately involved an attorney either as drafter, editor and advice giver.

3. In addition to the 100 documents selected by Plaintiff I randomly reviewed some other documents from the September log. I saw nothing to lead me to believe that the rest of the documents were any different from the ones looked at in this review.

Recommendation C: The County should be allowed to list and assert the 71 documents from the December log that it says it wishes to keep on its privilege list. I have found no instance of improperly withheld material or suggestion that privileges were over-zealously claimed. As the County did voluntarily find that 3 of the 100 had been withheld in error, they should be required to re-check the September log and the 71 "new" documents to be sure there are no more errors. Given the vast number of documents produced, the technical difficulties involved, and the demonstrated good faith in attempting to make the productions, the court should not deem any privileges waived over the County's objections.

DATED this 30th day of January 2009.

J. Kathleen Learned
Hon. J. Kathleen Learned (Ret.)
Special Master

Special Master Report - 9