UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HO-CHUAN CHEN and HOSSEIN BARAHIMI,<br><br>    Plaintiffs,<br><br>  v.<br><br>LINDA DOUGHERTY, et al.,<br><br>    Defendants.<br>_____<br>HOSSEIN BARAHIMI,<br><br>    Plaintiff,<br><br>  v.<br><br>KING COUNTY ROADS SERVICES DIVISION and SUE OSTERHOUDT,<br><br>    Defendants. | No. C04-987 MJP<br><br>ORDER ON ISSUES OF PROTECTED SPEECH |

This matter comes before the Court on additional briefing submitted by the parties regarding the unresolved protected speech issues in this case. (Dkt. Nos. 408, 409 & 412.) Having reviewed the briefs and the balance of the record, the Court has determined that: (1) the union grievance filed

ORDER - 1

1 by Plaintiffs Chen and Barahimi is protected speech because it is speech on a matter of public

2 concern and was made in their capacity as citizens; and (2) additional briefing is required to

3 determine whether Mr. Barahimi may pursue his 2007 claim that he was retaliated against for

4 bringing his first lawsuit with co-plaintiff Chen (the "2004 lawsuit"). The Court's reasoning is set

5 forth below.

I. The Union Grievance

The Ninth Circuit has determined that speech is constitutionally protected: (1) when it is on a matter of public concern; and (2) when it is made as a private citizen and not as a public employee. Eng v. Cooley, 552 F.3d 1062, 1070 (9th Cir. 2009). Defendants concede that Mr. Chen and Mr. Barahimi's union grievance constitutes speech on a matter of public concern (Dkt. No. 409 at 2), and this Court has previously held that Mr. Chen and Mr. Barahimi brought the union grievance as citizens and not as government employees (Dkt. No. 263 at 10). Having satisfied both elements, the union grievance constitutes protected speech.

In their briefing, Defendants challenge this Court's previous finding that Mr. Chen and Mr. Barahimi's union grievance was made in their capacity as citizens and not as public employees. (Dkt. No. 409 at 3 n.2.) Defendants' argument is nothing more than an untimely motion for reconsideration. See Local Civil Rule 7(h). Because Defendants do not show a manifest error in the Court's ruling or present new legal authority that could not have been presented earlier with reasonable diligence, their request for reconsideration is DENIED. Id.

Having found that the speech made by Mr. Chen and Mr. Barahimi in their union grievance was on a matter of public concern and was made in their capacity as citizens, the Court hereby finds that the union grievance constitutes protected speech.

II. The 2004 Lawsuit

In Mr. Barahimi's 2007 lawsuit against Sue Osterhoudt and King County, he alleges retaliation for having brought the initial lawsuit in 2004 with Mr. Chen. Defendants concede that the

ORDER - 2

1 | 2004 lawsuit constitutes speech on a matter of public concern (Dkt. No. 409 at 2), and this Court has found that the 2004 action was brought in Mr. Barahimi's capacity as a private citizen and not as a public employee (Dkt. No. 397 at 2). Having satisfied both the public concern and private citizen elements, the 2004 lawsuit constitutes protected speech. Eng, 552 F.3d at 1070.

Nonetheless, Defendants assert that Mr. Barahimi failed to adequately plead allegations of retaliation for bringing the 2004 lawsuit with Mr. Chen. (Dkt. No. 409 at 2 n.1.) After reviewing Mr. Barahimi's 2007 complaint, the Court concludes that Mr. Barahimi does allege that Sue Osterhoudt and King County retaliated against him for bringing the 2004 lawsuit. (See Case No. C07-5495 MJP, Dkt. No. 1-3 at ¶ 3.14 (alleging that Defendants' actions were "in retaliation for his complaints and subsequent lawsuit").) Though inartfully plead, Mr. Barahimi's allegations give Defendants adequate notice that his retaliation claim is based in part on the 2004 lawsuit.

However, the Court has also reviewed two later-filed declarations by Mr. Barahimi and his counsel, Susan Mindenbergs, submitted on May 5, 2008 in response to Defendants' motion to consolidate the 2004 and 2007 actions. In her declaration, Ms. Mindenbergs asserts that "the alleged retaliation in the [2007] case is based on the same protected activity as the [2004] case[.]" (Dkt. No. 167 at 2.) Mr. Barahimi's declaration states that "[t]he facts in the [2007 case] arise from the same protected activity as that of the [2004] case." (Dkt. No. 166 at 2.) If the retaliation claims in both cases are based on the <u>same</u> protected activity, Mr. Barahimi's 2007 action cannot include the <u>additional</u> protected activity of the 2004 lawsuit itself.

In light of these declarations, the Court now requests additional briefing on whether Mr. Barahimi has waived or abandoned his claim of retaliation for bringing the 2004 lawsuit. Plaintiff's response on this issue will be due on Wednesday, March 4, 2009, and Defendants' reply will be due on Friday, March 6, 2009. The briefs shall be limited to five pages, and the Court admonishes any effort to avoid the page limit by presenting argument in lengthy footnotes instead of in the body of the brief.

**Conclusion**

The Court finds that Mr. Chen and Mr. Barahimi's union grievance constitutes protected speech, as does Mr. Barahimi's 2004 lawsuit. However, the Court refrains from ruling on whether Mr. Barahimi may pursue his claim of retaliation for bringing the 2004 lawsuit until additional briefing is submitted by the parties.

The clerk is directed to send a copy of this order to all counsel of record.

Dated February 27, 2009

Marsha J. Pechman

U.S. District Judge

ORDER - 4