1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 WESTERN DISTRICT OF WASHINGTON
                              AT SEATTLE
10

11   HO-CHUAN CHEN and HOSSEIN BARAHIMI,          Case No. C04-987 MJP

12                      Plaintiffs,

13          v.                                     ORDER ON POST-TRIAL
                                                   MOTIONS
14   LINDA DOUGHERTY, et al.,

15                      Defendants.

16
     _____
17
     HOSSEIN BARAHIMI,
18
                        Plaintiff,
19
            v.
20
     KING COUNTY ROADS SERVICES DIVISION
21   and SUE OSTERHOUDT,

22

23                      Defendants.

24
            This matter comes before the Court on the parties' post-trial motions:  Plaintiff
25
     Barahimi's motion for entry of judgment, (Dkt. No. 502), Plaintiffs' Chen and Barahimi's
26
     motion for entry of judgment, (Dkt. No. 506), Defendants Lindwall, Dougherty, and
27
     ORDER — 1

1    Osterhoudt's Rule 50(b) motion for judgment as a matter of law, (Dkt. No. 504), and Defendants

2    Lindwall, Dougherty, and Osterhoudt's motion for entry of findings of facts, conclusions of law

3    pursuant to Rule 52, (Dkt. No. 507).  Having reviewed the motions, responses, replies, and the

4    balance of the record, the Court GRANTS Plaintiffs' motions and DENIES Defendants' motions

5    for the reasons set forth below.

6                                              **Background**

7          Plaintiffs Ho-Chuan Chen and Hossein Barahimi are King County employees who were

8    employed in a division in the King County Department of Transportation.  Plaintiffs filed a

9    lawsuit in April 2004 alleging that they suffered retaliation and discrimination after raising

10   concerns about the use of flawed methodologies and practices regarding traffic decisions in the

11   Department of Transportation.  Mr. Barahimi filed a second lawsuit in August 2007 alleging

12   additional retaliation by Defendants Sue Osterhoudt and King County.

13         The 2004 and 2007 actions were consolidated and were tried before a jury in March and

14   April, 2009.  At the close of Plaintiffs' case, the Court granted Defendant King County's motion

15   for judgment as a matter of law and entered judgment in favor of King County.  (Dkt. No. 498.)

16   The Court also granted Defendants Lindwall, Dougherty, and Osterhoudt's motion for judgment

17   as a matter of law as to Plaintiffs' claim for wrongful discharge in violation of public policy and

18   Plaintiffs' claims for punitive damages.  (Dkt. No. 499.)

19         On April 8, 2009, the jury returned a verdict against each of the remaining defendants

20   and awarded damages to Plaintiffs.  (Dkt. No. 495.)  On the verdict form, the jury also answered

21   five advisory questions related to the Pickering analysis, and the jury resolved each of the five

22   factual disputes in Plaintiffs' favor.  (Id.)

23   I.  Defendants' Motion for Judgment as a Matter of Law

24         On Defendants' motion under Fed. R. Civ. P. 50(b), the Court must evaluate whether,

25   construing the evidence in the light most favorable to Plaintiffs, the jury's verdict was supported

26   by substantial evidence.  Fisher v. City of San Jose, 558 F.3d 1069, 1074 (9th Cir. 2009)

27

ORDER — 2

1   (internal citation omitted) (defining "substantial evidence" as "such relevant evidence as a

2   reasonable mind might accept as adequate to support a conclusion").  In their motion,

3   Defendants Lindwall, Dougherty, and Osterhoudt argue that the evidence presented at trial was

4   insufficient to support the jury's verdict against them on Plaintiffs' retaliation claims.  (Dkt. No.

5   504 at 3.)  In deciding this motion, the Court cannot "substitute [its] view of the evidence for that

6   of the jury."  Id.

7          At trial, Plaintiffs presented evidence regarding the adverse employment actions taken

8   against them and how Plaintiffs' protected speech was a substantial motivating factor in

9   Defendants' decisions to take those adverse employment actions.  Having reviewed the record,

10  the Court finds that the evidence presented sufficiently supports the jury's verdict and

11  Defendants' motion for judgment as a matter of law is denied.

12  II.  Defendants' Motion for Entry of Findings of Fact and Conclusions of Law[1]

13          a.  Qualified Immunity

14          Defendants' arguments regarding qualified immunity fail because the issue of qualified

15  immunity has already been decided in Plaintiffs Chen and Barahimi's 2004 case, and because

16  Defendants waived qualified immunity in Mr. Barahimi's 2007 case by failing to raise it

17  properly in a motion under Fed. R. Civ. P. 12(b)(6).  At the parties' pretrial conference on March

18  18, 2009, Defendants requested that the Court instruct the jury on qualified immunity and the

19  Court responded with the following:

20          [Q]ualified immunity is a prophylactic issue to be brought up so that ... the county and
            governments do not have to go through the process of defending.  Here the county
21          decided not to pursue that in one of the lawsuits.  They pursued it unsuccessfully in the
            other lawsuit.  It's done.
22
    (Dkt. No. 501 at 53.)
23
            Before trial, Defendants in the 2004 action properly brought a motion under Fed. R. Civ.
24

25          _____

26          [1]The Court will not address Defendants' arguments regarding equitable relief because
    Plaintiffs have abandoned their request for reinstatement.  (See Dkt. No. 506 at 2.)
27
    ORDER — 3

P. 12(b)(6), and the Court rejected the individual Defendants' argument that they were entitled to qualified immunity. (Dkt. No. 86 at 9.) Defendants submitted an interlocutory appeal on the qualified immunity ruling and the Ninth Circuit issued a decision on March 21, 2007. (See Dkt. Nos. 111 & 127.) The Ninth Circuit did not reverse this Court's ruling on the issue of qualified immunity because Defendants' appeal on that issue was "concerned primarily with challenges to evidentiary sufficiency" and fell outside the Ninth Circuit's interlocutory jurisdiction. Ho-Chuan Chen v. Dougherty, 225 Fed. Appx. 665, 666 (9th Cir. 2007). Defendants never presented the issue of qualified immunity in a Fed. R. Civ. P. 12(b)(6) motion in Mr. Barahimi's 2007 action.

Defendants argue that the issue of qualified immunity should now be decided in their favor, thereby eradicating the jury's verdict against them. (Dkt. No. 507 at 5-12.) Defendants rely in part on Ninth Circuit law stating that defendants can present qualified immunity as a defense after trial when "their right to immunity turns on the resolution of disputed facts" to be determined by a jury. Sloman v. Tadlock, 21 F.3d 1462, 1468 (9th Cir. 1994). Defendants now contend that the Pickering factors decided by the jury address factual disputes concerning whether Plaintiffs' first amendment rights were "clearly established." (Dkt. No. 507 at 10-11.) The Court rejects this analysis, but even if the Court were to accept Defendants' reasoning, the jury decided all five factual disputes related to the Pickering analysis in Plaintiffs' favor, and Defendants' are not entitled to qualified immunity.

b. Pickering Balancing

The Pickering balancing test is used to determine whether a defendant's interest in maintaining administrative efficiency outweighs a plaintiff's first amendment rights. Eng v. Cooley, 552 F.3d 1062, 1071 (9th Cir. 2009). "Although the Pickering balancing inquiry is ultimately a legal question, ..., its resolution often entails underlying factual disputes." Eng v. Cooley, 552 F.3d 1062, 1071 (9th Cir. 2009). In this action, the Court submitted the factual disputes underlying the Pickering analysis to the jury.

ORDER — 4

1    The Court included five advisory questions related to the <u>Pickering</u> analysis in the jury's

2    verdict form, and the jury made the following factual findings: (1) Plaintiffs' speech was

3    truthful; (2) Plaintiffs' speech did not impair discipline or control by supervisors; (3) Plaintiffs'

4    speech did not disrupt co-worker relations; (4) Plaintiffs' speech did not interfere with the

5    performance of their duties; and (5) Plaintiffs' speech did not obstruct the routine operation of

6    the office.  (Dkt. No. 495 at 2–6.)  Based on these findings and the evidence presented at trial

7    that support them, the Court finds that the <u>Pickering</u> balancing test weighs in favor of Plaintiffs

8    Chen and Barahimi.  <u>See</u> <u>Pickering v. Bd. of Educ.</u>, 391 U.S. 563, 569 (1968) (considering

9    factors such as whether the speech was truthful and whether the speech caused disruption in the

10   workplace to determine whether the employer's administrative interests outweighed the

11   plaintiff's first amendment rights).  All the factual determinations made by the jury point to the

12   failure of Defendants' <u>Pickering</u> defense, and therefore, the Court finds as a matter of law that

13   Defendants did not meet their burden.

14                                    **Conclusion**

15        Because Defendants are not entitled to qualified immunity, have not met their burden

16   under the <u>Pickering</u> analysis, and have not shown that there is insufficient evidence to support

17   Plaintiffs' retaliation claims, their motions are DENIED.  The Court GRANTS Plaintiffs'

18   motions for entry of judgment.

19        The Clerk is directed to send copies of this order to all counsel of record.

20        Dated:  May 21, 2009

21

22   _____

23                                    Marsha J. Pechman

24                                    U.S. District Judge

25

26

27

ORDER — 5