The Honorable Marsha Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HO-CHUAN CHEN and HOSSEIN BARAHIMI, <br><br> Plaintiffs, <br><br> <br> LINDA DOUGHERTY, JENNIFER LINDWALL, and KING COUNTY, <br><br> Defendants. | Consolidated Action <br><br> No. CV4-0987P <br><br> **PLAINTIFF BARAHIMI'S MOTION FOR ATTORNEY FEES AND COSTS** <br><br> **Hearing Date: June 19, 2009** |
| HOSSEIN BARAHIMI, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY and SUE OSTERHOUDT, <br><br> Defendants. | |

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

## I. Introduction

Plaintiff Barahimi brought this lawsuit on August 7, 2007, alleging violations of 42 U.S.C. § 1983 against Sue Osterhoudt and King County and a common law claim of outrage. The outrage claim was dismissed at summary judgment. King County was dismissed pursuant to defendant's Fed.R.Civ.P. 50(a) motion. On April 8, 2009, a jury returned a verdict in favor of Plaintiff Barahimi. Pursuant to 42 U.S.C. § 1988, Plaintiff seeks reasonable attorney fees in the amount of $476,075.60, paralegal costs in the amount of $64,797.70, and related expenses in the amount of $18,941.82.[1]

## II. Statement of Facts

Plaintiff Hossein Barahimi is employed by King County Road Services Division. His lawsuit arises out of his employment relationship. In August 2007, Mr. Barahimi filed a lawsuit against King County and Sue Osterhoudt alleging violations of 42 U.S.C. § 1983 and common law outrage. Plaintiff's claims arose out of a common core of facts based upon related legal theories of retaliation which began after February 2003 when Plaintiff, Ho Chuan Chen, and four colleagues complained about the unlawful issuance of concurrency certificates that would have overcrowded roadways in King County.

In April 2004, Mr. Barahimi and Dr. Chen filed a lawsuit alleging, among other complaints, retaliation for exercising their First Amendment right in violation of 42 U.S.C. § 1983. Mr. Barahimi filed this second lawsuit in Pierce County Superior Court on August 7, 2007 when the workplace retaliation continued after his reassignment to Ms. Osterhoudt. The 2007 lawsuit was removed to federal court in Tacoma. By May 2008, the 2007 lawsuit was consolidated with the action filed in April 2004.

---

[1] Plaintiff anticipates that defendant Osterhoudt will bring a motion for a new trial under Fed. R. Civ. P. 59. If she brings such a motion, Plaintiff will file a supplemental fee petition.

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 1

By June 2008, the parties to the 2007 lawsuit were engaged in discovery. Sixteen volumes of depositions were taken. Counsel for Sue Osterhoudt and King County deposed Mr. Barahimi twice, deposed his treating physician, two therapists, several of his colleagues, his co-plaintiff in Case I, and union officials.[2] Mr. Barahimi's counsel defended all the defense depositions and took depositions of four of Road Services Division (RSD) management and the consultant hired by RSD to help with the 2004 transition that accompanied the personnel layoffs in the Capital Improvement Program and Planning section of RSD. Mr. Barahimi's counsel interviewed twelve witnesses, including King County employee witnesses; some accompanied by defense counsel.

The parties exchanged Initial Disclosures and supplemented those disclosures. Defendants propounded three sets of Interrogatories and Requests for Production. Plaintiff responded and supplemented each set. Plaintiff propounded one comprehensive set of Interrogatories and Requests for Production. Motions to Compel were filed.

In response to Plaintiff's Motion to Compel Discovery, this Court ordered counsel for Ms. Osterhoudt to produce the discovery in searchable electronic format. A search of the electronic discovery uncovered correspondence that the defendants later claimed to be privileged. To resolve the privilege issues, this Court designated a Special Master.

In October 2008, Defendant Osterhoudt moved for summary judgment asking this Court to dismiss Mr. Barahimi's claims in the August 2007 lawsuit. Defendant Osterhoudt also moved for a protective order. The Court denied Defendant's motions for summary judgment and for a protective order.

---

[2] Discovery in case I had concluded in 2005. The only on-going discovery in 2008 was for case II—*Barahimi v. Osterhoudt.*

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 2

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

Because litigation had been so intense for several months and because the trial date was scheduled for late January 2009, Mr. Barahimi's counsel was joined in the litigation by Jeffrey Needle as counsel of record in late December 2008.[3]

Because of the discovery issues, the trial date was moved to March 2009. The trial in this matter began on March 23, 2009 and concluded on April 7, 2009. The jury rendered its verdict in favor of Plaintiff Barahimi on April 8, 2009.

Plaintiff Barahimi conducted a public disclosure request to obtain the billing records of defense counsel from January 1, 2004 to present. Billing records from January 2005 to April 16, 2009, for Lane Powell and from January 2005 to April 30, 2009, for Gordon Derr show that King County was billed more than $2.4 million dollars in fees and costs for these two law firms to defend the defendants. These defense fees are indicative of the intensity of the litigation. Mr. Barahimi's attorneys are seeking fees and costs that are approximately twenty-three percent of the costs and fees billed by the lawyers in the firms who defended this action.

### III. Argument of Counsel

Generally, reasonable attorney fees are available to the prevailing plaintiff in civil rights litigation. 42 U.S.C. § 1988. A civil rights plaintiff "prevails" for purposes of Section 1988 when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, U.S. 103, 111-112 (1992). Under Section 1988 "a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461

---

[3] Patricia Rose assisted with research and brief writing during the discovery phase of the litigation, but did not formally appear as counsel of record.

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 3

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

U.S. 424, 429 (1983). *See also Mendez v. County of San Bernardino*, 2008 WL 3916285, at *9 (9th Cir. 2008) ("Therefore, 'a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust'"). In this case, Plaintiff asked the jury for a small economic recovery but did not ask for any specific amount of emotional distress damages. The jury awarded $57,000--$17,000 in lost wages and $40,000 for emotional distress. There can be no doubt that Plaintiff is the prevailing party within the meaning of Section 1988 and entitled to reasonable attorneys' fees.[4]

**A. Attorneys' Fees Need Not Be Proportional to Damages.**

The United States Supreme Court has rejected the notion that attorney's fees in civil rights cases should be proportionate to the amount of damages a plaintiff recovers. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 908 (9th Cir. 2002)(upholding attorney fees several times more than the compensatory and punitive damages awarded)( citing *City of Riverside v. Rivera*, 477 U.S. 561, 577, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)).

In *City of Riverside*, the Court acknowledged that Section 1988 was enacted to encourage private attorneys general in civil rights lawsuits, and that Congress did not intend the recovery of fees to depend upon substantial monetary damages. This statute was enacted "specifically to enable plaintiffs to enforce the civil rights laws even where the amount of damages at stake would not otherwise make it feasible for them to do so." 477 U.S. at 577 (citing legislative history). The inability to vindicate constitutional rights due to a lack of resources damages the entire nation and not just the individual citizen.

---

[4] In his opening statement, Ms. Osterhoudt's counsel suggested she would be responsible for any award the jury may enter for Mr. Barahimi despite the County's legal obligation to indemnify its employees under these circumstances. It is assumed that uncorrected statement may have influenced the jury's monetary award to Mr. Barahimi.

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 4

SUSAN B. MINDENBERGS
ATTORNEY At LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

> *Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief.* Rather, Congress made clear that it intended that the amount of fees awarded under [Section 1988] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases, and not be reduced because the rights involved may be nonpecuniary in nature. Senate Report at 6 (emphasis added).

*City of Riverside* at 575 (emphasis added). "Regardless of the form of relief he actually obtains, a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damages awards." *Id.* at 574. In this case, Plaintiff's damages were neither nominal nor small. The vindication of their rights, however, involved not only Mr. Barahimi, but all the Redmond Ridge residents who were protected from traffic gridlock because of his actions. It is clear from the vehemence of the defense that King County intended to continue issuing these concurrency certificates with impunity. As in *City of Riverside,* "the institutional behaviors involved here . . . had to be stopped and . . . nothing short of having a lawsuit like this would have stopped it . . . ." *Id.* at 574.

It is anticipated that Ms. Osterhoudt will oppose Plaintiff's petition for fees. But here, Ms. Osterhoudt and King County litigated this case tenaciously. "The government cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Id.* at 581.

**B. Calculation of the Lodestar Amount.**

Once the entitlement to fees is established, the Court needs to determine the amount of fees to be awarded. Generally, in determining the amount to be awarded, the

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 5

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

reasonable hours expended times a reasonable hourly rate is the most useful starting point. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).[5]

When determining the reasonableness of fees, the District Court must apply certain factors enumerated by the 5th Circuit in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors need not be discussed specifically. It is sufficient that the record show that the court considered the factors called into question by the case at hand and necessary to support the reasonableness of the award. *Rivera, supra*, at 796-797.[6]

## C. Paralegal Services Recoverable at Market Rates.

A prevailing Plaintiff may recover for the market rate paid to paralegals.[7] In this case, the utilization of paralegal services significantly diminished the amount of attorney time otherwise billable.

---

[5] *See also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)("When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible"); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)("it remains important for the district court to provide 'a concise but clear explanation of its reasons for the fee award'").

[6] Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal. *Kerr*, 526 F.2d at 70.

[7] *See Missouri et al. v. Jenkins*, 491 U.S. 274, 289, 109 S.Ct. 2463 (1989)("By encouraging the use of lower cost paralegals rather than attorneys wherever possible, permitting market-rate billing of paralegal hours 'encourages cost-effective delivery of legal services and, by reducing the spiraling cost of civil rights litigation, furthers the policies underlying civil rights statutes'"); *D-Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1387 (9th Cir. 1990)("The Supreme Court has recently stated that a reasonable attorney's fee includes the work of attorneys and support staff, such as paralegals "whose labor contributes to the work product"").

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 6

Susan B. Mindenbergs
Attorney At Law
200 Maynard Building
119 First Avenue South
Seattle, Washington 98104-2564
Tel: (206) 447-1560
Fax: (206) 447-1523

**D. Current Hourly Rates.**

Where a Plaintiff in a civil rights case prevails, attorneys are to be paid at current rates as opposed to historic rates in order to compensate for the delay in payment. Clearly, compensation received several years after the services were rendered is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed. *See Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992)("Thus, the Court held that an adjustment for delay in payment is an appropriate factor in determining what constitutes a reasonable attorneys' fee under Sec. 1988 and 'that an appropriate adjustment for delay in payment-whether by application of current rather that historic rates or otherwise--is within contemplation of the statute'")(Quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 283-84, 109 S.Ct. 2463, 2469, 105 L.Ed.2d 229 (1989)).[8]

The hourly rates to be applied are generally those rates in the legal community where the claim is tried. *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir.), *cert. denied*, 502 U.S. 899 (1991). The determination of what hourly rate is reasonable is not made in reference to the rates actually charged by the prevailing party. *Chalmers*, 796 F.2d at 1210. Rather, the court "should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 1210-11. "The fee applicant has the burden of producing satisfactory

---

[8] *See also Washington Public Power Supply System Securities Litigation, In re*, 19 F.3d 1291, 1305 (9th Cir. 1994)("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of the litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement"); *Gates v. Deukmejian*, 987 F.2d 1392, 1407 (9th Cir. 1992)("Finally, the length of the delay in payment indeed is a consideration in deciding whether an award of current rather than historic rates is warranted"); *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 908 (9th Cir. 1995) ("'[e]ither current or historical prevailing rates may be used [,although] [t]he use of current rates may be necessary to adjust for inflation if the fee amount would otherwise be unreasonable.'") (*citing D'Emanuele v. Montgomery Ward & Co.*, Inc., 904 F.2d 1379, 1384 (9th Cir.1990). In *WPPSS, supra*, at 1305, the Court held that failure to calculate the lodestar at current rates was an abuse of discretion.

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 7

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

evidence, in addition to the affidavits of its counsel that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

In this case, Plaintiff's counsel's actual hourly rates are $400 an hour for Jeffrey Needle and $300 per hour for Susan Mindenbergs. *See* Declaration of Counsel. Plaintiff's counsel bills for paralegal services at the rate of $110 per hour. *Id*. The declaration of Judith Lonnquist, an experienced civil rights litigator, is presented to substantiate that these rates are reasonable for comparable services in the community based upon Plaintiff's counsel's skill and reputation in the community.

**E. Number of Hours Expended.**

In this case, Plaintiff's counsel have logged 1499 hours to litigate Plaintiff's claim, not including responding to a possible post trial motion. Ms. Mindenbergs logged 1227 hours; Mr. Needle logged 272. Plaintiff's counsels' paralegals have logged a total of 577 hours. Ms. Mindenbergs's paralegal logged 555 hours; Mr. Needle's paralegal logged 22. The time spent prosecuting this lawsuit necessarily precluded gainful employment in other legal matters. Many hours of legal work, including research, meetings, telephone calls, correspondence, and email communications have not been recorded. In addition, Ms. Mindenbergs cut over ten percent of the hours she recorded in the contemporaneous records. She is not seeking reimbursement for the hours she cut. Ms. Lonnquist also testifies that the amount of hours logged by Ms. Mindenbergs is reasonable given this type of lawsuit and the nature of the claims presented to the jury.

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 8

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

**F. Successful and Unsuccessful Claims.**

In many civil rights cases plaintiffs will bring lawsuits alleging numerous causes of action under both federal and state law. It is clear that where there exists a common core of facts based upon related legal theories, plaintiff may recover a complete lodestar even if he did not prevail on every contention raised. In *Hensley,* the Court addressed the issue of whether a partially prevailing plaintiff may recover attorney's fees for time spent in furtherance of unsuccessful claims. The Court held that the "extent of a plaintiff's success is a crucial factor in determining the proper amount of [an award under Section 1988]." *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943. Furthermore, when a plaintiff does not prevail on a claim that is "distinct in all respects from his successful claims," then the hours spent on the unsuccessful claim must be deducted from the fee award. *Id.* **If, however, the claims are related, then "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."** *Id.*; *Lovell By and Through Lovell v. Poway Unified School Dist.*, 79 F.3d 1510, 1519 (9th Cir. 1996) (emphasis added).

> To determine whether the claims are related, the district court should focus on whether the claims on which Plaintiff did not prevail "involve a common core of facts *or* are based on related legal theories." *Id.* (emphasis in original)(citation omitted). To the extent the claims are related, Plaintiff should recover reasonable fees for prosecuting those claims. However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims.

*Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005).

In *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895 (9th Cir.

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 9

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

1995), the Ninth Circuit Court, citing *Hensley*, first reiterated that "claims are unrelated if they are distinctly different claims for relief that are based on different facts and legal theories; claims are related if they involve a common core of facts or [are] based on related legal theories." *Id.* at 902.   Although the Court acknowledged that there is no certain method for determining whether claims are related or unrelated, it did establish some useful guidelines:

> We concluded that "the test is whether relief sought on the unsuccessful claim 'is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised.'" *Thorne*, 802 F.2d at 1141 (quoting *Mary Beth G.*, 723 F.2d at 1279).  Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same "course of conduct." If they didn't, they are unrelated under *Hensley*.

*Id.* at 903.  *See also Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir.1995) (the court specifically ruled state and federal claims--Title VII and Section 1981-- alleging discrimination arose out of a common core of facts and that the failure to prevail on the state claims did not foreclose a full lodestar).[9]

---

[9] Even if the claims are not related, however, that does not foreclose a complete lodestar. In *Schwarz* the court recognized that attorney's fees could be recoverable for even unrelated claims if "it is likely that some of the work performed in connection with the [unsuccessful claim] also aided the work done on the merits of the [successful claim]." *Schwarz*, 73 F.3d at 903.  *See also Aguirre v. Los Angeles Unified School Dist.*, 461 F.3d 1114, 1122 (9th Cir. 2006)("However, a determination that certain claims are not related does not automatically bar an award of attorney's fees associated with those unrelated claims; work performed in pursuit of the unrelated claims may be inseparable from that performed in furtherance of the related or successful claims"); *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1052 (9th Cir.1991)("we read *Hensley* as establishing the general rule that plaintiffs are to be compensated for attorney's fees incurred for services that contribute to the ultimate victory in the lawsuit.  Thus, even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of other claims."); *O'Neal v. City of Seattle*, 66 F.3d 1064, 1068-69 (9th Cir.1995) (applying *Thorne* and upholding district court's conclusion that pursuing unsuccessful motion for class certification was not a separate claim, but a method of pursuing ultimately successful claim); *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1499 (9th Cir.1995) (applying *Thorne* to affirm district court's finding that state tort claims were related to Title VII claim because they arose out of common core of facts that required virtually the same evidence).

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 10

SUSAN B. MINDENBERGS
ATTORNEY At LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

In the case at bar, Plaintiff's claims of outrage was dismissed at summary judgment. The efforts of counsel related to proving outrage were identical to those expended on the Section 1983 retaliation claim. The *Monell* claims against King County were dismissed pursuant to a motion under Rule 50(a). Mr. Barahimi's *Monell* claim was predicated on Department of Transportation Director Harold Taniguichi's final decision maker status on the King County policies pertaining to appeal of performance appraisals. Mr. Barahimi's discovery efforts for the *Monell* claim consisted of collecting King County personnel policies and formulating a few questions for Mr. Taniguichi's cross examination at trial. This discovery would have been conducted irrespective of the *Monell* claim because discovery of the personnel policies was integrally woven into the discovery pertaining to Ms. Osterhoudt's retaliatory evaluations of Mr. Barahimi's work performance.

Because plaintiff's failed claims are not unrelated nor "distinct in all respect from his successful claim, he is entitled to recover the time his lawyers spent on the three interconnected claims." *Hensley*, 461 U.S. at 440. Any hours expended on these unsuccessful claims should not be excluded. Here, plaintiff's claims "involve a common core of facts" and are "based on related legal theories." *Id.* at 435. These issues clearly form a "common core" of facts under the *Hensley* analysis and plaintiff's counsel should be able to recover for that time.

**G. Costs and Expenses.**

"It is well established that attorney's fees under 42 U.S.C. § 1988 include reasonable out-of-pocket litigation expenses that would normally be charged to a fee paying client, even if the court cannot tax these expenses as 'costs' under 28 U.S.C. §

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 11

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523

1920. *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006). The Supreme Court has provided two guidelines addressing the scope of attorney's fees as applied to litigation expenses. First, reasonable attorney's fees do not include costs that, like expert fees, have by tradition and statute been treated as a category of expenses distinct from attorney's fees. Second, reasonable attorney's fees include litigation expenses only when it is "the prevailing practice in a given community" for lawyers to bill those costs separately from their hourly rates. *Id.* at 1259. Plaintiff's counsel customarily bills separately for legal messenger service, copying, parking, and the cost of depositions. Here, Plaintiff Barahimi seeks recovery for those expenses.

### H. Fees on Fees.

"Recoverable attorney's fees may include fees incurred while doing work on the underlying merits of the action ("merits fees") as well as fees incurred while pursuing merits fees 'fees-on- fees')." *Thompson v. Gomez*, 45 F.3d 1365, 1366 (9th Cir. 1995); *McGrath v. County of Nevada*, 67 F.3d 248, 253 (9th Cir. 1995) ("Work performed on a motion for fees under Sec. 1988(b) is compensable").

### I. Summary of Fees and Expenses.

The declarations of counsel are filed in support of a request for fees and costs. The totals, not including possible defense post trial motions are summarized below.

### IV. Conclusion

The Court should award reasonable attorney fees and expenses as requested.

Respectfully submitted this 3rd day of June, 2009.

/s/Susan Mindenbergs
Susan B. Mindenbergs, WSBA No. 20545
Jeffrey L. Needle, WSBA No. 6346
Attorneys for Plaintiff

Plaintiff Barahimi's Motion for Attorney
Fees and Costs (No. C04-0987P)
Page 12

SUSAN B. MINDENBERGS
ATTORNEY AT LAW
200 MAYNARD BUILDING
119 FIRST AVENUE SOUTH
SEATTLE, WASHINGTON 98104-2564
TEL: (206) 447-1560
FAX: (206) 447-1523