UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HO-CHUAN CHEN and HOSSEIN BARAHIMI,

        Plaintiffs,

  v.

LINDA DOUGHERTY, et al.,

        Defendants.

———————————————————

HOSSEIN BARAHIMI,

        Plaintiff,

  v.

KING COUNTY ROADS SERVICES DIVISION and SUE OSTERHOUDT,

        Defendants.

No. C04-987 MJP

ORDER ON MOTIONS FOR ATTORNEYS' FEES

This matter comes before the Court on Plaintiffs' motions for attorneys' fees. (Dkt. Nos. 531 & 546.) Having reviewed the motions, Defendants' response, (Dkt. No. 547), Plaintiffs' replies,

ORDER - 1

(Dkt. Nos. 551 & 553), all papers submitted in support thereof, and the balance of the record, the Court GRANTS in part and DENIES in part Plaintiffs' motions as set forth below.[1]

**Background**

Plaintiffs Ho-Chuan Chen and Hossein Barahimi are King County employees who were employed in a division of the King County Department of Transportation known as the Travel Forecasting and Data Management Group. Plaintiffs filed a lawsuit in April 2004 against their supervisors, Jennifer Lindwall, Linda Dougherty, and Matthew Nolan, and against King County alleging that Plaintiffs suffered retaliation and discrimination after raising concerns about the use of certain methodologies and practices regarding traffic decisions in their department. Plaintiffs stipulated to the dismissal of Defendant Nolan on April 19, 2005. (Dkt. No. 56.) Mr. Barahimi filed a second lawsuit in August 2007 alleging additional retaliation by Defendants Sue Osterhoudt and King County.

Plaintiffs' claims alleging violations of the Washington Law Against Discrimination were dismissed on summary judgment. (Dkt. No. 86.) The Court also dismissed Mr. Barahimi's claim for intentional infliction of emotional distress on summary judgment. (Dkt. No. 264.) The 2004 and 2007 actions were consolidated on May 27, 2008 and were tried before a jury in March and April, 2009. At the close of Plaintiffs' case, the Court granted Defendant King County's motion for judgment as a matter of law and entered judgment in favor of King County. (Dkt. No. 498.) The Court also granted Defendants Lindwall, Dougherty, and Osterhoudt's motion for judgment as a matter of law as to Plaintiffs' claim for wrongful discharge in violation of public policy and Plaintiffs' claims for punitive damages. (Dkt. No. 499.)

On April 8, 2009, the jury returned a verdict against each of the remaining defendants on Plaintiffs' claim for first amendment retaliation and awarded damages to Plaintiffs. (Dkt. No. 495.)

---

[1]Because the Court did not rely on the contested material in reaching its decision, the Court need not address Defendants' request to strike Plaintiffs' supplemental authority. (Dkt. No. 560.)

ORDER - 2

1   On the verdict form, the jury also answered five advisory questions, and the jury resolved each of the

2   five factual disputes in Plaintiffs' favor.  (Id.)  This Court denied Defendants' post-trial motions on

3   May 21, 2009 and entered judgment in favor of plaintiffs.  (Dkt. Nos. 529 & 530.)

**Analysis**

Plaintiffs' success on their claims under 42 U.S.C. § 1983 entitles them to reasonable attorneys' fees and costs.  See 42 U.S.C. § 1988.  The jury entered a verdict in favor of Plaintiffs on their first amendment retaliation claims, sufficiently establishing Plaintiffs as "prevailing parties" under the fee-shifting statute.  Id.  Parties are prevailing parties if they "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (internal quotation marks and citation omitted).

The Court determines a reasonable fee award by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  Id. at 435.  Based on the evidence presented, the Court finds reasonable the hourly rates proposed by Plaintiffs' attorneys from the law firm of Gendler & Mann, and by Mr. Barahimi's attorneys Jeffrey Needle and Susan Mindenbergs, with one exception: the Court finds it necessary to reduce the hourly rate of Mr. Barahimi's attorney Susan Mindenbergs for certain time spent on discovery.  On October 1, 2008, this Court ruled on a motion to compel discovery brought by Mr. Barahimi.  (Dkt. Nos. 185 & 224.)  The Court determined that the parties failed to put together a proper discovery plan concerning Electronically Stored Information ("ESI"), resulting in the delivery of 50,000 pages of paper documents to Ms. Mindenbergs in response to discovery requests.  Ms. Mindenbergs contributed to the resulting discovery dispute by failing to offer search terms for the delivery of relevant ESI.  The Court determined that no fee-shifting would result from that discovery dispute, but required the parties to share the cost of the produced paper documents.  (Dkt. No. 224 at 2.)  The Court now directs that Ms. Mindenbergs' fee award for the hours billed on this dispute and the related discovery requests should

be determined at the reduced rate of $200 an hour.[2] Ms. Mindenbergs' inhibited ability to participate meaningfully in electronic discovery tells the Court that she has novice skills in this area and cannot command the rate of experienced counsel.

The Court must next determine the number of hours reasonably expended on this litigation. To reach this determination, the Court must consider whether a plaintiff "has achieved only partial or limited success," and reduce the number of compensable hours spent on the litigation to prevent an excessive award. Id. at 436. However, when unsuccessful claims are related to successful claims through common facts or related legal theories, the Court cannot divide the fee request on a claim-by-claim basis. McCown v. City of Fontana, No. 07-55896, 2009 WL 1098893, at *3–6 (9th Cir. Apr. 24, 2009). Plaintiffs' unsuccessful claims against Defendants Dougherty, Lindwall, and Osterhoudt were related to Plaintiffs' successful first amendment retaliation claims, and the Court will not require segregation. Instead, the Court considers the significance of Plaintiffs' overall relief on their successful claim for first amendment retaliation, and the benefit to the public in preserving first amendment rights. See id. Given Plaintiffs' success on the retaliation claim and the complex nature of this litigation, the Court finds the proposed number of compensable hours reasonable, with two exceptions, described below.

First, the Court finds that Plaintiffs's compensable hours must be reduced by any time spent litigating claims against Defendants King County and Matthew Nolan. In this action, Plaintiffs did not succeed on their claim against King County because they were unable to demonstrate that an official with final policymaking authority ratified unconstitutional action against Plaintiffs. (See Dkt. Nos. 461 & 487.) Although the claims against King County and the supervisor defendants are interrelated, the Court finds it necessary to reduce the total compensable hours by the number of

---

[2]Mr. Barahimi's counsel engaged in a second extended discovery dispute with Defendants concerning Defendants' privilege log, and this Court ruled previously that Defendants are responsible for Plaintiff Barahimi's fees and costs for that dispute. (Dkt. No. 362 at 2.)

ORDER - 4

hours spent on the claims against King County to ensure a reasonable award. See Hensley, 461 U.S. at 436 (counseling reduction of compensable hours when a plaintiff has achieved partial success "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith"). Likewise, Plaintiffs' claims against Defendant Matthew Nolan, dismissed by stipulation early in this action, were unsuccessful and time spent on those claims will not be awarded. In particular, the Court directs Plaintiffs to reduce their compensable hours by the number of hours spent (1) preparing for and taking depositions; (2) propounding interrogatories; and (3) preparing briefing, to the extent that these activities relate to the claims against Matthew Nolan and King County.

Finally, the Court reduces attorney Jeffrey Needle's requested number of compensable hours by one-half hour. Mr. Needle has submitted a bill for this time for an interview with KIRO radio conducted on April 13, 2009, (Dkt. No. 539 at 10), and the Court finds that this activity does not constitute Mr. Needle's representation of his client and is not compensable.

The Court finds the remainder of Plaintiffs' fee requests reasonable in light of their success on the first amendment retaliation claims. Defendants urge the Court to find otherwise, arguing that Plaintiffs valued their claims at $1.75 million dollars in early settlement demands but ultimately recovered only $293,220 in total award, $226,220 to Mr. Chen and $67,000 to Mr. Barahimi. (Dkt. No. 547 at 5–6.) Although the Ninth Circuit does require "a comparison of damages awarded to damages sought" for determination of a reasonable fee award, McCown, 2009 WL 1098893 at *13, early settlement demands may not be an accurate measure of a plaintiff's valuation of the case when other purposes of the litigation cannot be quantified.[3] Indeed, contract offers for settlement of an action may account for forfeiture of non-monetary compensation, such as a plaintiff's right to seek justice by means of a trial by jury or equitable relief such as reinstatement. This Court will not

---

[3] Defendants' evidence concerning settlement negotiations in this action is distinguishable from that in McCown where "both parties sought to introduce evidence of settlement discussions and negotiations...." Id. at *14 fn.4 (emphasis added).

discount the effect of a jury verdict on reforming a defendant's behavior and vindicating a wronged plaintiff. Plaintiffs' success at trial, establishing their right to be free from retaliation for protected speech, marks a substantial victory, and preserving the right to free speech is an issue of great public interest. See Morales v. City of San Rafael, 96 F.3d 359, 365 (9th Cir. 1996) ("[I]n determining a reasonable fee award ... the district court should consider not only the monetary results but also the significant nonmonetary results [the plaintiff] achieved for himself and other members of society."). Plaintiffs' victory will serve to deter future conduct in violation of constitutional rights. In light of these results, the Court considers the fee awards described above reasonable.

## Conclusion

The Court GRANTS Plaintiffs' motions for attorneys' fees and costs and approves the proposed rates and hours with the following exceptions: (1) Ms. Mindenbergs will be compensated at a reduced rate of $200 an hour for time spent on the discovery dispute at issue in the Court's October 1, 2008 order; (2) Plaintiffs must segregate the hours spent on their claims against Matthew Nolan and King County and will not be compensated for that time; and (3) Mr. Needle shall not be compensated for the one-half hour billed for a radio interview. Plaintiffs are instructed to submit a single proposed order in accord with these rulings within ten days of the date of this order, and shall not be compensated for time spent preparing that final order. Once the final order is entered, Defendants will have thirty days to remit to Plaintiffs payment of fees and costs.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: July 7, 2009

Marsha J. Pechman
U.S. District Judge